# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT LONDON

| | |
|---|---|
| **SHARDABEN PATEL** and **ASHOKKUMAR PATEL** | CIVIL ACTION NO. 6:23-CV-00189-CHB |
| **Plaintiff,** | |
| v. | |
| **BHARATBHAI PATEL,** **AMIT PATEL,** And **KANU PATEL** | **COMPLAINT** with **JURY DEMAND** |
| **Defendants.** | |

The Plaintiffs, SHARDABEN PATEL AND ASHOKKUMAR PATEL, come by counsel and for their Complaint with Jury Demand against the Defendants hereby state as follows:

1) Plaintiffs were and are at all times relevant herein residents of Ellicott, Howard County, Maryland.

2) Defendants were and are at all times relevant herein residents of Knox County, Kentucky.

3) Jurisdiction and venue are proper under 28 U.S.C. §§ 1332 and 1441 in that the parties maintain complete diversity and the Plaintiffs have been injured in excess of $75,000.00.

## COUNT I.  BREACH OF CONTRACT

4) Plaintiffs incorporate by reference the allegations contained in Paragraphs One (1) through Four (4) of this Complaint as if fully set forth herein.

5) On or about June of 2018, Plaintiffs and Defendants entered into an oral agreement whereby Plaintiffs agreed to operate and act as owner of business on the property owned by the Defendants located at 6609 S. U.S. Highway 25E, Flat Lick, Kentucky, in return for one hundred percent ownership (100%) of the business known as "Buddies."

6) Under this agreement, Plaintiffs were to receive three months of free rent. On the first day of the fourth month under the contract, Plaintiff was to pay $1,500.00. Plaintiffs agreed to so perform and, in reliance upon the agreement, walked away from a business they had previously started in Tennessee, where they invested $150,000.00 for the business and over $50,000.00 in inventory.

7) Plaintiffs subsequently performed under the contract. Additionally, Plaintiffs paid all bills associated with running the business.

8) Plaintiffs thereafter performed to such a satisfactory degree that they increased overall sales of the business.

9) On or about October 24, 2018, the Defendants breached the contract by so refusing to acknowledge Plaintiffs as owners of Buddies and asked them to leave the business at once.

10) Defendants so failed to perform in good faith in that the Defendants refused to issue a lease to the Plaintiffs for the subject premises. Additionally, following

the Plaintiffs vacating the premises, under protest, they brought in Kanu Patel, nephew to Bharatbhai Patel.

11) Plaintiffs so invested in an inventory for the business, for which they have not been fully compensated.

12) As a direct and proximate result of the breach by the Defendants, Plaintiffs have suffered damages for which they should be compensated, including, but not limited to, compensatory, expectation, reliance, and consequential damages and loss of profits.

## COUNT II. FRAUD

13) Plaintiffs incorporate by reference the averments contained in Paragraphs One (1) through Twelve (12) of this Complaint as if fully set forth herein.

14) On or around June of 2018, in Knox County, Kentucky, the Defendants represented to Plaintiffs that they would be acting as tenants and owning the business known as "Buddies" in Knox County, Kentucky.

15) The Defendants had no intention to so honor the agreement and so knew they did not have any intention of honoring their agreement, but only used them to grow the value of the business and then to terminate the agreement upon the Plaintiffs so growing the business.

16) Plaintiffs relied upon the Defendants' representation and in reliance upon the representations, so moved and invested all their money into Buddies.

17) These Plaintiffs have therefore suffered damages for which they should be compensated, including, but not limited to, compensatory, expectation, reliance, and consequential damages.

## COUNT III. PUNITIVE DAMAGES

18) Paragraphs One (1) through Seventeen (17) are hereby reiterated and incorporated by reference as if fully stated herein.

19) As Defendants' actions herein were performed with extreme ill will, disregard for property rights, gross negligence, malice, fraud, oppression, and meant to harm the Plaintiffs, the Plaintiffs are entitled to punitive damages in excess of Five Thousand ($5,000.00) Dollars.

## COUNT IV. UNJUST ENRICHMENT

20) Plaintiffs incorporate by reference the averments contained in Paragraphs One (1) through Nineteen (19) of this Complaint as if fully set forth herein.

21) The Defendants, by way of their actions in so allowing the Plaintiffs to enhance their business, while never having the actual intention to honor any agreement with the Plaintiffs, were unjustly enriched by so failing in their responsibilities under this agreement.

22) The Plaintiffs are entitled to relief under a theory of unjust enrichment due to the fact that the Defendants had a benefit conferred upon them at the Plaintiffs' expense; that the Defendants experienced appreciation of benefits; and that the Defendants inequitably retained a benefit with payment for its value; viz, continuing to allow the Plaintiffs to enhance their business without so .

23) Plaintiffs have suffered damages for which they should be compensated, including, but not limited to, compensatory, expectation, reliance, and consequential damages.

**WHEREFORE**, Plaintiffs pray for the following relief and judgment against the Defendants, jointly and severally:

    a.    A trial by jury;

    b.    Compensatory damages in excess of $75,000.00;

    c.    Punitive damages;

    d.    Court costs and attorney fees;

    e.    Pre and post judgment interest; and,

    f.    For any and all other relief that the Plaintiffs may otherwise be entitled.

Respectfully submitted,

By: <u>JEREMY W. BRYANT</u>
JEREMY W. BRYANT, ESQ.
BRYANT LAW, PLLC
37 South Park Center Drive, Suite 6
Corbin, KY 40701
(606) 261-7381 (p)
844-927-2494 (f)
j@jeremybryantlaw.com