# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# LONDON DIVISION

| | |
|---|---|
| SHARDABEN PATEL and ASHOKKUMAR PATEL, *Plaintiffs,* v. BHARATBHAI PATEL, AMIT PATEL, and KANU PATEL *Defendants.* | No. 6:23-CV-00189-CHB-HAI |

# MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Jay Milby Ridings (KBA No. 91971)
Kelsey Lee Bryant (KBA No. 98442)
Hamm, Milby & Ridings PLLC
120 N. Main St.
London, KY 40741
Telephone: (606) 864-4126
Fax: (606) 878-8144
jridings@hmkylaw.com
kelsey@hmrkylaw.com

*Counsel for Defendants Bharatbhai Patel, Amit Patel, and Kanu Patel*

## INTRODUCTION

In violation of the most basic legal principles of civil practice, Plaintiffs have attempted a second shot at these Defendants by filing a separate action alleging the same causes arising out of the same facts as those already pleaded and pending in Kentucky state court since 2020. Pursuant to the rule prohibiting claim splitting, Plaintiffs are barred from presenting the identical claims recently filed in this Court. Plaintiffs must assert all of their causes of action from a common set of facts in one lawsuit and not in separate state and federal venues. Because Plaintiffs lacked a good faith basis (or any basis at all) for filing this second, identical lawsuit against the same Defendants, their federal Complaint should be dismissed, with prejudice.

## FACTUAL AND PROCEDURAL HISTORY

On May 28, 2020 – precisely three years, four months, three weeks, and five days before initiating the instant proceedings – the very same Plaintiffs vis-à-vis the very same attorney filed the very same complaint asserting the very same factual allegations and causes of action against the very same Defendants that comprise the case *sub judice*. Save a single exception, the complaint filed in the 2020 litigation and the one filed herein are practically identical. But for the distinct venues in which the cases are ongoing, the two actions are indistinguishable. Plaintiffs initiated the 2020 litigation in Kentucky state court, specifically, in Knox Circuit Court, Civil Action No. 20-CI-00204. Prior to initiating the instant case, Plaintiffs revised a single paragraph in an effort to invoke federal diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441. *Compare* **Exhibit A**, State Complaint at ¶ 3, *with* D.E. #1 at ¶3. Otherwise, the two complaints are virtual carbon copies of one

another – from the factual allegations and causes of action asserted to the same typographical error included in the last sentence in Paragraph 22 of each complaint.

Despite filing the instant federal litigation on October 24, 2023, Plaintiffs continue to actively pursue the 2020 state court litigation seeking relief identical to that being sought herein. To be sure, on this same day Plaintiffs also filed a "Motion for Judgment" in the ongoing state court proceedings. *See* **Exhibit B**, CourtNet Docket History obtained 11/29/2023 at p. 2. Plaintiffs' "Motion for Judgment" was originally scheduled for hearing in the Knox Circuit Court on Monday, December 11, 2024, at 9:00 A.M. *Id.* Plaintiffs' subsequently filed yet another motion; as of the instant filing both motions are scheduled for hearing on January 18, 2024. *See* **Exhibit C**, CourtNet Docket History obtained 12/18/2023 at p. 2.

Both federal and Kentucky law prohibit Plaintiffs from proceeding simultaneously in two separate, yet substantively identical lawsuits arising from the same set of facts, assert the same causes of action/theories of liability, and which seek to recover identical damages. As such, Defendants move to dismiss Plaintiffs' second federal cause of action under Fed. R. Civ. P. 12(b)(1) or (6), as Plaintiffs were required to, and in fact did, assert these identical claims against these identical defendants in their ongoing state action. Because the state action preceded the instant case by over three years, this federal action must be dismissed with prejudice.

## STANDARD OF REVIEW

A motion under 12(b)(1) can either attack subject matter jurisdiction on its face or contest the factual basis for jurisdiction. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). Defendants acknowledge that Plaintiffs allegations, if true, are sufficient to establish

3

subject matter jurisdiction under 28 U.S.C. §§ 1332 and 1441, however, Defendants submit that this Court is precluded from exercising jurisdiction because of Kentucky's ancillary rule of *res judicata* against claim-splitting and because of ongoing parallel state proceedings. When the factual basis for jurisdiction is under attack, "the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc.*, 381 F.3d at 516.

To survive a Rule 12(b)(6) motion, Plaintiff must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Pursuant to Rule 12(b) when "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment." However, courts have made a narrow exception to this rule and permit a district court to take judicial notice of matters of public record without converting a motion for failure to state a claim into a motion for summary judgment. *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080-1081 (7th Cir. 1997) (listing cases where exception is used). This exception has allowed courts to avoid unnecessary proceedings. *Id.*

In this case, dismissal is proper because relief from this Court is not available to Plaintiffs as a matter of law and equity. The federal case was improperly filed in contravention of the basic rules of procedure and specific doctrine against splitting causes of action arising from the same nucleus of facts, therefore, Plaintiffs' claims should be dismissed as a matter of law. To that end, Defendants respectfully ask this Court to dismiss the Plaintiffs' junior federal action and direct that Plaintiffs pursue their claims, if at all, in the ongoing state litigation filed more than three years earlier.

## **ARGUMENT**

It is a fundamental principle in the judicial system that a plaintiff only gets one bite at the apple. This concept is reinforced by a plethora of legal doctrines such as double jeopardy, *res judicata*, and collateral estoppel. Each of these doctrines – and many more – were created for the primary and perhaps sole purpose of preventing abuse of the litigation process and to promote fairness. A defendant should have the right to rely upon a court's rulings and not be subjected to the expense and burden of multiple lawsuits involving the same facts. In that same vein, court dockets should not be overloaded with multiple, duplicitous filings relitigating the same issues.

Plaintiffs' filing of an identical Complaint in federal court represents blatant forum shopping, at best. Plaintiffs' intentions aside, the duplicitous filing has indisputably and "needlessly increase[d] the cost of litigation"[1] for not just Defendants, but also this Court.

Fortunately, the law prohibits such colossally wasteful tactics by mandating that "plaintiffs join all claims arising from the same set of facts in a single proceeding and cannot split them across multiple fora." *Ellis v. Gallatin Steel Co.*, 390 F.3d 461, 479 (6th Cir. 2004); *see also Waad v. Farmers Ins. Exch.*, 762 F. App'x. 256, 263 (6th Cir. 2019) (Moore, J., concurring) ("The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit." (quoting *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011))). To be sure, the harm caused by splitting claims across multiple forums, creating duplicate and vexatious litigation, and unnecessarily draining scarce judicial resources is highly disfavored by federal courts. *See Church Joint Venture, L.P. v. Blasingame*, 817 Fed. Appx. 142, 146-147 (6th Cir. 2020); *see also Waad*, 762 F. App'x at 260. This Court should exercise its authority to prevent

---

[1] Fed. R. Civ. P. 11.

this harm and abuse of the system by dismissing Plaintiffs' Complaint. *Blasingame*, 817 F. App'x at 146-147 (holding "the district court was within its discretion to dismiss the action because [Plaintiff] engaged in impermissible claim-splitting").

I. <u>Federal Courts look to state law regarding preclusion</u>

The Full Faith and Credit Statute, 28 U.S.C. §1738, commands federal courts "to give state-court judgments the same preclusive effect those judgments would have in the rendering state's courts." *Bates v. Twp. of Van Buren*, 459 F.3d 731, 734 (6th Cir. 2006) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984)). Thus, when deciding whether to give preclusive effect to a state-court determination, federal courts must look to the state's law of preclusion. *See McKinley v. City of Mansfield,* 404 F.3d 418 (6th Cir. 2005) (citing *Migra,* 465 U.S. 75, 104 S.Ct. 892, 79 L. Ed. 2d 56 (1984)).

This principle, of course, applies especially to cases involving the application of *res judicata. See e.g., id.*; *see also Bates*, 459 F.3d at 734. In *Morris v. City of Shepherdsville*, the trial court confirmed that Kentucky's law of *res judicata* must be given deference when determining whether to give preclusive effect to a Kentucky court's judgment. No. CIV.A. 08-374-C, 2009 WL 577259, at *2 (W.D. Ky. Mar. 5, 2009). Thus, an analysis of Kentucky's preclusion law is required to determine whether Plaintiff's federal claims should be dismissed.

II. <u>Kentucky law prohibits claim splitting</u>

Kentucky courts have "long recognized the prohibition against splitting a cause of action." *Kirchner v. Riherd*, 702 S.W.2d 33, 34 (Ky. 1985). *See also Hays v. Sturgill*, 302 Ky. 31, 34, 193 S.W. 2d 648, 650 (1946); *Coomer v. CST Transp. Inc.,* 319 S.W. 3d 366,

6

370-72 (Ky. 2010); *Moorhead v. Dodd*, 265 S.W.3d 201, 203-04 (Ky. 2008). "Essentially, claim splitting is the same as *res judicata*, but with a presumption of a final judgment instead of an actual final judgment." *Waad*, 762 F. App'x. at 260. "The rule against splitting causes of action found in Restatement (Second) of Judgments Sections 24 and 25, is an equitable rule, limiting all causes of action arising out of a single 'transaction' to a single procedure." *Capital Holding Corp. v. Bailey*, 973 S.W.2d 187, 193 (Ky. 1994); *see also Coomer*, 319 S.W. 3d at 371.

The rule "rests upon the concept that 'parties are required to bring forward their whole case' and may not try it piecemeal." *Id.*, citing and quoting *Arnold v. K-Mart Corp.*, 747 S.W.2d 130, 132 (Ky. App. 1988), quoting *Hays*, 193 S.W. 2d at 650. The rule's premise is that to permit the splitting of a cause of action would be unfair to both the adverse parties and the courts. *Moorhead*, 265 S.W.3d at 204.

The purpose of the rule against claim-splitting is to conserve scarce judicial resources, prevent inconsistent judgments, protect the public from the cost of multiple litigations, and reduce vexatious litigation. *See* 50 C.J.S. Judgments § 976; *see also* 1 Am. Jur. 2d Actions § 99. For over 100 years, Kentucky courts have recognized that purpose, and refused to allow a plaintiff "to split the entire cause of action into many causes of actions, and to harass the defendant with a separate action on each." *Pilcher v. Ligon*, 91 Ky. 228, 15 S.W. 513 (1891); *see also Arnold v. Patterson*, 229 S.W.3d 923, 925 (Ky. Ct. App. 2007) (finding that "piecemeal litigation and splitting of causes of actions are highly disfavored").

It is the "duty of a Plaintiff to assert his entire cause of action resulting from a single tort, and upon failure to do so he, in effect, renounces his right to recover other items of

7

damages in subsequent actions." *Kirchner*, 702 S.W. 2d at 34, quoting *Travelers Indemnity Co. v. Moore*, 304 Ky. 456, 460, 201 S.W.2d 7 (1947).

    III.    <u>*Res Judicata* and Claim Splitting</u>

*Res judicata*, also known as "claim preclusion," prevents plaintiffs from filing more than one lawsuit based on a common set of facts. This "ancient rule," which "predates the Republic," holds that "parties should not be permitted to relitigate issues that have been resolved." *See San Remo Hotel, L.P. v. City & County of San Francisco*, 545 U.S. 323, 336–37, 125 S.Ct. 2491, 162 L.Ed.2d 315 (2005); *Comm. to Impose Term Limits on Ohio Sup. Ct. & to Preclude Special Legal Status for Members & Emps. of the Ohio Gen. Assembly v. Ohio Ballot Bd.*, 885 F.3d 443, 447 n.1 (6th Cir. 2018). The rule applies both to claims that were actually advanced in a prior case, *see Hapgood v. City of Warren*, 127 F.3d 490, 493–94 (6th Cir. 1997), and to those that "should have been advanced in an earlier suit" but were not, *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766 (6th Cir. 2015) (quotation omitted). Either way, a party doesn't get a do-over. *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979); *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009).

"For further litigation to be barred by claim preclusion, three elements must be present: (1) identity of the parties, (2) identity of the causes of action, and (3) resolution on the merits." *Coomer*, 319 S.W.3d at 371 (citation omitted). *Res judicata* serves important efficiency interests. It stops "parties from relitigating the same disagreement in perpetuity" and protects the finality of judgments. *CHKRS, LLC v. City of Dublin*, 984 F.3d 483, 490 (6th Cir. 2021). And it "prevents inconsistent decisions, encourages reliance on adjudication by minimizing the *possibility* of inconsistent decisions, and conserves judicial

8

resources." *Scott v. Haier US Appliance Solutions*, No. 3:21-cv-141, 2021 WL 4822835, at *3 (W.D. Ky. Oct. 15, 2021) (emphasis added).

Claim splitting, on the other hand, is an offshoot of res judicata that addresses circumstances where, like here, a plaintiff files a second lawsuit involving the same nucleus of facts as a separate, yet ongoing lawsuit filed by the same party. Under the doctrine of claim splitting, a party must "assert all of its causes of action arising from a common set of facts in one lawsuit." *Waad*, 762 F. App'x at 263 (Moore, J., concurring) (quoting *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011)). The upshot is that a plaintiff "must join all claims arising from the same set of facts in a single proceeding and cannot split them across multiple fora." *Ellis*, 390 F.3d at 479 (6th Cir. 2004). A district court facing a plaintiff's split claim is "permit[ted] ... to dismiss a second action grounded in that same set of facts." *Blasingame*, 817 F. App'x at 146 (citing Restatement (Second) of Judgments § 25 (1982)); *see Twaddle v. Diem*, 200 F. App'x 435, 439 (6th Cir. 2006) ("[P]laintiffs engage in claim-splitting at the peril of having one case barred by the decision in the other.").

Claim splitting applies an analysis similar to *res judicata*, but with one key distinction. "Essentially, claim splitting is the same as *res judicata*, but with a presumption of a final judgment instead of an actual final judgment." *Waad*, 762 F. App'x. at 260. The prohibition against claim splitting requires Plaintiffs to present all material relevant to a claim in the first action (Knox Circuit Court action) and permits this Court to dismiss the instant matter as it is grounded in the same set of facts, and, in fact, is an identical cause of action in all respects. *See* Restatement (Second) of Judgments § 25 (1982). The reasoning behind the rule prohibiting claim splitting reflects common sense concerns in that

"[p]ermitting [plaintiffs] to re-assert factual allegations … would lead to the exact problems *res judicata* prevents: 'the expense and vexation' of multiple lawsuits, wasted 'judicial resources,' and the 'possibility of inconsistent decisions.'" *In re Blasingame*, 920 F.3d 384, 391-392 (6th Cir. 2019); *see also Wilkins v. Jakeway*, 183 F.3d 528, 535 (6th Cir. 1999) ("[B]y bringing two different suits which present two different theories of the case arising from the same factual situation counsel engaged in the precise behavior that *res judicata* [in the form defined here as claim splitting] seeks to discourage."). "[P]laintiffs engage in claim-splitting at the peril of having one case barred by the decision in the other." *Twaddle v. Diem*, 200 F. App'x. 435, 439 (6th Cir. 2006).

    IV.    <u>Claim Splitting bars Plaintiffs' identical federal lawsuit</u>

Kentucky's long-standing prohibition of claim splitting is fatal to Plaintiffs' identical federal action currently before this Court. All three elements of *res judicata* are present, prohibiting litigation of the instant matter.

The first requirement, identity of the parties, is readily satisfied as all parties in this action are identical to all parties to the state action. Indeed, Plaintiffs even have the same attorney in both the state and federal actions.

Identity of causes of action is likewise present. Plaintiffs' state and federal lawsuits not only arise from the same nucleus of facts, but are, in fact, substantively identical in every way. Aside from Plaintiffs' allegations addressing federal diversity jurisdiction, the two complaints are carbon copies mirroring one another. *See* **Exhibit D**, Redline Comparison of Federal/State Complaints. What's more, Defendants would be entitled to dismissal even if Plaintiffs had presented additional or different theories of liability arising under the same facts. The factor relating to identity of causes of action does not mean that

the legal theories for both causes of action must be the same. *Harris v. Ashley*, No. 97-5961, 1998 WL 681219, at *4, 165 F.3d 27 (6th Cir. 1998) (unpublished). Instead, the court "looks beyond the legal theories asserted to see if the two claims stem from the same underlying factual circumstances." *Id.* (citing Restatement (Second) of Judgments, § 24). As reflected in the redline comparison of the two complaints, **Exhibit D**, both complaints' factual allegations (and theories of liabilities) are identical. Consequently, there can be no argument that the state and federal lawsuits arise from different sets of facts, and thus satisfy the second prong.

As to the last requirement, an adjudication on the merits, the rule against splitting of claims presumes the state court issued a final judgment on the merits. *Waad*, 762 F. App'x. at 260. Here, a final judgment on the merits in the state court action would undeniably preclude the instant matter. By filing two identical lawsuits in two different courts, Plaintiffs engaged in impermissible claim splitting. Defendants are entitled to dismissal of the instant matter, with prejudice.

Failure to dismiss the instant matter will result in the expense and vexation of multiple lawsuits, wasted judicial resources, and the possibility of inconsistent decisions. Indeed, at the time Plaintiffs filed this federal action, the identical state action had already been pending for over three years. Were this action to proceed, Defendants would needlessly incur the expense and vexation of multiple lawsuits as they would have to submit similar or duplicative motions and other filings in both the state and federal court actions. In fact, Plaintiffs' improper filing of the federal action has already caused Defendants to needlessly incur the expense of hiring different counsel to represent them in the present action because their counsel in the state action does not practice in federal court.

Despite the infant stage of the federal proceeding, Defendants have suffered – and will continue to suffer – unnecessary expenses and resources on account of Plaintiffs' fatuous filing of the federal action. Permitting both cases to proceed would cause both parties to waste resources and incur expenses necessitated by appearing for hearings and/or trials in both actions. Ironically enough, Plaintiffs' own financial interests would also be best served by dismissal of the federal action because Defendants' state counsel is intimately familiar with the subject matter of these proceedings due to having litigated the matter over the prior three-plus years. In stark contrast, the undersigned's familiarity with this matter is effectively limited to what little can be deduced from the redundant complaints. Dismissal is therefore warranted to avoid the expense and vexation of multiple lawsuits that would be incurred by *both* Plaintiffs and Defendants.

Equally, if not more important to the analysis is the conservation of scarce judicial resources of not only this Court, but also the Knox Circuit Court, that naturally flow from dismissal of the junior federal action. Allowing both actions to proceed would necessarily require the utilization of both Courts' judicial resources because the ruling of one court would not be binding on the other. This will result in both Courts expending time and resources adjudicating identical disputes. Both Courts will also expend time and resources hearing dispositive motions, motions in limine, conducting status conferences, and presiding over hearings – on identical issues. Judicial resources will also be wasted as two separate juries will be empaneled and two separate trials will be conducted. Thus, Defendants' motion should be granted to further the purpose of *res judicata* in conserving judicial resources.

In addition, the scenario presented by Plaintiffs filing two separate lawsuits over the same set of facts is rife with the possibility for inconsistent decisions. For example, the parties would have to address their respective disputes with both Courts – with each Court having to issue their respective rulings thereafter. Such practice has the real and significant risk of inconsistent rulings. An even worse consequence of permitting dueling actions is the likelihood that the parties will be encouraged to engage in a form of forum shopping following an adverse ruling by one court. Should this case go to trial, inconsistent rulings are practically a foregone conclusion due to the highly discretionary standard of review applicable to evidentiary rulings and trial objections. There likewise reflects a significant risk of inconsistent jury verdicts – or even worse, a mistrial. The risk of the latter being especially concerning due to the unanimous verdict requirement applicable to federal civil actions.

Dismissing the federal action will result in the promotion of judicial economy, conservation of judicial resources, and reduction of the concrete risk of inconsistent rulings (and/or verdicts). Each of these benefits is in addition to the elimination of the significant expense and vexation inherently associated with multiple lawsuits. For all these reasons – and countless others too numerous to layout herein – Defendants respectfully request that the Court grant their motion to dismiss and direct Plaintiffs to proceed with all of their claims in the state-court action filed more than three years before their recent filing of identical claims in federal court.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request the entry of an Order consistent with the following:

1. That Plaintiffs' Complaint be DISMISSED, with prejudice;

2. That Defendants be granted leave to seek relief in the form of attorney's fees needlessly incurred and arising from Plaintiffs' refusal to voluntarily withdraw the instant Complaint despite Defendants' written request for said relief by way of written correspondence and advanced copy of the initial draft of the instant motion served upon Plaintiffs' counsel via email on December 6, 2023; and

3. Such other relief as the Court deems appropriate.

Dated: December 18, 2023

Respectfully submitted,

_____
Jay Milby Ridings
Kelsey Lee Bryant
Hamm, Milby & Ridings PLLC
120 N. Main St.
London, KY 40741
Telephone: (606) 864-4126
Fax: (606) 878-8144
jridings@hmkylaw.com

*Counsel for Defendants Bharatbhai Patel, Amit Patel, and Kanu Patel*

CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of December, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Jeremy W. Bryant, Esq.
Bryant Law, PLLC
37 South Park Center Drive, Suite 6
Corbin, KY 40701
j@jeremybryantlaw.com

_____
Counsel for Defendants

14