Filed        20-CI-00204        05/28/2020            Greg Helton, Knox Circuit Clerk

COMMONWEALTH OF KENTUCKY
27TH JUDICIAL CIRCUIT
KNOX COUNTY CIRCUIT COURT
CIVIL ACTION NO.: 20-CI-_____
DIVISION _____
*Via Electronic Filing*

SHARDABEN PATEL and
ASHOKKUMAR PATEL                                              PLAINTIFFS

VS.            **COMPLAINT WITH JURY DEMAND**

BHARATBHAI PATEL,
AMIT PATEL and
KANU PATEL                                                    DEFENDANTS

***** ***** *****

The Plaintiffs, SHARDABEN PATEL AND ASHOKKUMAR PATEL, come by counsel and for their Complaint with Jury Demand against the Defendants hereby states as follows:

1) Plaintiffs were and are at all times relevant herein residents of Ellicott, Howard County, Maryland.

2) Defendants were and are at all times relevant herein residents of Knox County, Kentucky.

3) Jurisdiction and venue are proper in this action in that all events and counts hereinafter described leading to such a complaint occurred within Knox County, Kentucky, all to Plaintiffs' detriment, far in excess of the jurisdictional requirements of this Court.

**COUNT I.  BREACH OF CONTRACT**

4) Plaintiffs incorporate by reference the allegations contained in Paragraphs One (1) through Three (3) of this Complaint as if fully set forth herein.

1

Presiding Judge: HON. MICHAEL CAPERTON (627365)

COM : 000001 of 000005

Filed        20-CI-00204        05/28/2020            Greg Helton, Knox Circuit Clerk

**EXHIBIT A**

Filed    20-CI-00204    05/28/2020    Greg Helton, Knox Circuit Clerk

5)    On or about June of 2018, Plaintiffs and Defendants entered into an oral agreement whereby Plaintiffs agreed to operate and act as owner of business in the property owned by the Defendants located at 6609 S. U.S. Highway 25E, Flat Lick, Kentucky, in return for one hundred percent ownership (100%) of the business known as "Buddies."

6)    Under this agreement, Plaintiffs were to receive three months of free rent. On the first day of the fourth month under the contract, Plaintiff was to pay $1,500.00. Plaintiffs agreed to so perform and, in reliance upon the agreement, walked away from a business they had previously started in Tennessee, where they invested $150,000.00 for the business and over $50,000.00 in inventory.

7)    Plaintiff subsequently performed under the contract. Additionally, Plaintiffs paid all bills associated with running the business and even spent their own funds on inventory for the store.

8)    Plaintiffs thereafter performed to such a satisfactory degree that they increased overall sales of the business.

9)    On or about October 24, 2018, the Defendants breached the contract by so refusing to acknowledge Plaintiffs as owners of Buddies and asked them to leave the business at once.

10)    Defendants so failed to perform in good faith in that the Defendants refused to issue a lease to the Plaintiffs for the subject premises. Additionally, following the Plaintiffs vacating the premises, under protest, they brought in Kanu Patel, nephew to Bharatbhai Patel.

2

Presiding Judge: HON. MICHAEL CAPERTON (627365)

COM : 000002 of 000005

Filed    20-CI-00204    05/28/2020    Greg Helton, Knox Circuit Clerk

**EXHIBIT A**

Filed        20-CI-00204        05/28/2020            Greg Helton, Knox Circuit Clerk

11) Plaintiffs so invested in an inventory for the business, for which they have not been fully compensated.

12) As a direct and proximate result of the breach by the Defendants, Plaintiffs have suffered damages for which they should be compensated, including, but not limited to, compensatory, expectation, reliance, and consequential damages and loss of profits. The Defendants' actions, jointly and severally, have included failing to pay the Plaintiffs compensation in the value of $200,000.00 based on sales; $12,055.37 for inventory Plaintiffs purchased on behalf of Buddies; and failing to transfer the business, which is valued at $200,000.00.

## COUNT II. FRAUD

13) Plaintiffs incorporate by reference the averments contained in Paragraphs One (1) through Twelve (12) of this Complaint as if fully set forth herein.

14) On or around June of 2018, in Knox County, Kentucky, the Defendants represented to Plaintiffs that they would be acting as tenants and owning the business known as "Buddies" in Knox County, Kentucky.

15) The Defendants had no intention to so honor the agreement and so knew they did not have any intention of honoring their agreement, but only used them to grow the value of the business and then to terminate the agreement upon the Plaintiffs so growing the business.

16) Plaintiffs relied upon the Defendants' representation and in reliance upon the representations, so moved and invested all of their money into Buddies.

Presiding Judge: HON. MICHAEL CAPERTON (627365)

COM : 000003 of 000005

Filed        20-CI-00204        05/28/2020            Greg Helton, Knox Circuit Clerk

**EXHIBIT A**

Filed        20-CI-00204     05/28/2020           Greg Helton, Knox Circuit Clerk

17)   These Plaintiffs have therefore suffered damages for which they should be compensated, including, but not limited to, compensatory, expectation, reliance, and consequential damages.

### COUNT III. PUNITIVE DAMAGES

18)   Paragraphs One (1) through Seventeen (17) are hereby reiterated and incorporated by reference as if fully stated herein.

19)   As Defendants' actions herein were performed with extreme ill will, disregard for property rights, gross negligence, malice, fraud, oppression, and meant to harm the Plaintiffs, the Plaintiffs are entitled to punitive damages in excess of Five Thousand ($5,000.00) Dollars.

### COUNT IV. UNJUST ENRICHMENT

20)   Plaintiffs incorporate by reference the averments contained in Paragraphs One (1) through Nineteen (19) of this Complaint as if fully set forth herein.

21)   The Defendants, by way of their actions in so allowing the Plaintiffs to enhance their business, while never having the actual intention to honor any agreement with the Plaintiffs, were unjustly enriched by so failing in their responsibilities under this agreement.

22)   The Plaintiffs are entitled to relief under a theory of unjust enrichment due to the fact that the Defendants had a benefit conferred upon them at the Plaintiffs' expense; that the Defendants experienced appreciation of benefits; and that the Defendants inequitably retained a benefit with payment for its value; viz, continuing to allow the Plaintiffs to enhance their business without so .

4

Filed        20-CI-00204     05/28/2020           Greg Helton, Knox Circuit Clerk

Presiding Judge: HON. MICHAEL CAPERTON (627365)

COM : 000004 of 000005

**EXHIBIT A**

23) Plaintiffs have suffered damages for which they should be compensated, including, but not limited to, compensatory, expectation, reliance, and consequential damages.

**WHEREFORE**, Plaintiffs pray for the following relief and judgment against the Defendants, jointly and severally:

    a.    A trial by jury;

    b.    Compensatory damages in excess of the minimum jurisdictional amount, including, but not limited to, reliance, expectation, and incidental damages in addition to loss of profits;

    c.    Punitive damages;

    d.    Court costs and attorney fees;

    e.    Pre and post judgment interest; and,

    f.    For any and all other relief that the Plaintiffs may otherwise be entitled.

Respectfully submitted,

/s/ JEREMY W. BRYANT
JEREMY W. BRYANT, KBA #92983
BRYANT LAW, PLLC
37 South Park Center, Suite 6
Corbin, KY 40701
PHONE:  606-261-7381
FAX:  1-844-927-2494
j@jeremybryantlaw.com

Presiding Judge: HON. MICHAEL CAPERTON (627365)

COM : 000005 of 000005

**EXHIBIT A**