**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON DIVISION**

SHARDABEN PATEL and
ASHOKKUMAR PATEL,

*Plaintiffs,*

v.                                                    No. 6:23-CV-00189-CHB-HAI

BHARATBHAI PATEL,
AMIT PATEL, and
KANU PATEL

*Defendants.*

**MOTION FOR EXTENSION OF TIME and**
**MOTION TO STAY DISCOVERY PENDING RESOLUTION OF**
**DEFENDANTS' MOTION TO DISMISS**

The Defendants, Bharatbhai Patel, Amit Patel, and Kanu Patel (collectively "Defendants"), by counsel, respectfully move to stay discovery until such time as the Court rules on Defendants' Motion to Dismiss (D.E. 6). Regretfully, the instant motion was not filed concurrently with Defendants' Rule 12 motion as required by the Court's Standing Case Management and Referral Order ("Standing Order"). (D.E. 4). As such, Defendants respectfully request leave to file the instant motion one day beyond the filing of their motion to dismiss. As grounds, Defendants state as follows:

Motion for Extension of Time

While the undersigned reviewed the online docket prior to being retained by Defendants, the undersigned did not obtain a copy of the Standing Order until shortly before the instant filing. In full candor, the undersigned is generally familiar with the

provisions of the Standing Order. Regretfully, the undersigned neglected to recall the provision providing that "concurrent with the filing of any Rule 12 motion, the moving party **may** file, as a separate motion, any request for a discovery stay pending resolution." (D.E. 4 at ¶ 4) (emphasis in original). The undersigned apologizes to the Court and the parties for this omission.

In seeking an extension, Defendants respectfully submit that the one-day delay between the filing of their Rule 12 Motion (D.E. 6) and the filing of the instant motion will not result in meaningful prejudice. To the extent the Court would have been inclined to grant a stay absent the aforementioned delay, Defendants respectfully request leave to file the instant motion.

<u>Motion to Stay Discovery</u>

The Sixth Circuit has long recognized that district "courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). While the filing of a "garden-variety" dispositive motion is generally insufficient to warrant a stay, postponing discovery is "appropriate where [as here] claims may be dismissed 'based on legal determinations that [cannot be] altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)). "In ruling upon a motion for stay, the Court is required to weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Roth v. President & Bd. of Trustees of Ohio Univ.*, 2009 WL 2579388 at *1 (S.D. Ohio Aug.18, 2009). Further, "[w]hen a stay, rather

than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery." *Id.*

Defendants respectfully submit that a stay is especially warranted in the circumstances present in the case at bar. First, Defendants' Motion to Dismiss hinges entirely upon issues of law and does not require the resolution of any factual questions. Consequently, Plaintiffs do not need to conduct discovery to respond to Defendants' Motion. Next, and perhaps more importantly, the underlying motion, if granted, would resolve all aspects of this case. Staying discovery until the resolution of this universally dispositive issue would benefit all parties, including Plaintiffs, by allowing the parties to avoid the significant expense of conducting dual, and potentially repetitive discovery in the federal action. Finally, staying discovery in the federal action could not possibly prejudice Plaintiffs inasmuch as Plaintiffs remain free to continue conducting discovery in the identical state action which has been pending for nearly 3 ½ years.

Wherefore, for the foregoing reasons, Defendants respectfully request leave to file the instant motion, and further request an Order staying discovery until the resolution of Defendants' Motion to Dismiss.

DATED: December 19, 2023

Respectfully submitted,

_____
Jay Milby Ridings (KBA No. 91971)
Kelsey Lee Bryant (KBA No. 98442)
Hamm, Milby & Ridings PLLC
120 N. Main St.
London, KY 40741
Telephone: (606) 864-4126
Fax: (606) 878-8144
jridings@hmkylaw.com

kelsey@hmrkylaw.com

*Counsel for Defendants Bharatbhai*
*Patel, Amit Patel, and Kanu Patel*