**IN THE UNITED STATES DISTRICT  COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT LONDON**

| | |
|---|---|
| **SHARDABEN PATEL** ) | **CIVIL ACTION NO. 6:23-cv-00189** |
| **and ASHOKKUMAR PATEL** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | **RESPONSE AND OBJECTION** |
| **BHARATBHAI PATEL,** ) | **TO MOTION FOR EXTENSION** |
| **AMIT PATEL,** ) | **AND MOTION TO STAY** |
| **And** ) | **[D. E. 7]** |
| **KANU PATEL** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

Come now the Plaintiffs, by and through counsel, and hereby respond and object to the pending Motion for Extension of Time to File the Motion to Stay Discovery and ultimately, the Motion to Stay Discovery, to wit:

Counsel recognizes that discovery stay orders are generally entered—even agreed to by the parties—in most instances in federal civil court. However, staying discovery herein is unwarranted given the aloofness which with these Defendants have treated state court and due to the complexity of the required analysis concerning parallelism under Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S.Ct. 1236 (1976).

Much has been mentioned about how the state action has been pending for three-and-a-half years. *Nothing* has been said about the Defendants' overt disregard for moving

litigation along or in complying with basic discovery or scheduling orders, whether in state or federal court.

Thus far, these Defendants have failed to participate in court-ordered mediation per the order entered on March 17, 2022 ("Exhibit 1") or via Agreed Order, and have *never* responded to written discovery tendered on June 8, 2021 ("Exhibit 2"). Plaintiffs, through counsel, have filed two motions to compel and the Defendants *still* have not answered discovery. *See* "Exhibits 3 and 4," respectively. These Defendants have participated in zero litigation efforts beyond delay tactics and filing an answer in the state action on January 8, 2021 ("Exhibit 5").

This action in federal court was not filed to harass the Defendants or to annoy them. This action was filed in federal court, in part, because Plaintiffs have sincere and understandable concerns about the progress of their case in state court given the Defendants' cavalier stance toward basic discovery and in their defiance toward progressing litigation, positions which may change given the gravity of filing a federal lawsuit.


<u>A Stay of Discovery in this Matter is not Warranted Given the Defendants' History of Noncompliance with Discovery and the Complexity of Deciding whether this Court Should Dismiss or Abstain per *Colorado River*</u>


It is well-established that the scope of discovery is within the sound discretion of the trial court. <u>Chrysler Corp. v. Fedders Corp.</u>, 643 F.2d 1229, 1440 (6th Cir. 1981) (*citing* <u>H.K. Porter Co., Inc. v. Goodyear Tire and Rubber Co.</u>, 536 F.2d 1115 (6th Cir. 1976)). This includes whether discovery should be stayed pending the resolution of a dispositive motion. <u>Hahn v. Star Bank</u>, 190 F.3d 708, 719 (6th Cir. 1999); <u>Ohio Bell Tel.</u>

Co. v. Global NAPs Ohio, Inc., 2008 U.S. Dist. LEXIS 21288, 2008 WL 641252, at *1

(S.D. Ohio Mar. 4, 2008), *citing* Chrysler Corp., 643 F.2d at 1229.

      "In ruling upon a motion for stay, the Court is required to weigh the burden of

proceeding with discovery upon the party from whom discovery is sought against the

hardship which would be worked by a denial of discovery." Williamson v. Recovery

Ltd., P'ship, No. 2:06-CV-0292, 2010 U.S. Dist. LEXIS 19873, 2010 WL 546349, at *1

(S.D. Ohio Feb. 10, 2010), *citing* Marrese v. American Academy of Orthopedic

Surgeons, 706 F2d 1488, 1493 (7th Cir. 1983).

      Here, the Defendants simply wish to stay discovery because of the state-court

action and their motion references the fact that the Plaintiffs may continue with discovery

therein. However, to-date, the Defendants have not cooperated with *any* facet of state-

court litigation and have not answered a single question of discovery.

      Simply filing a motion claimed to be dispositive and thereafter *untimely* filing a

motion for an extension of time to file the motion for stay of discovery while pointing to

the state court action is not in and of itself a sufficient reason to stay discovery. Plaintiffs

herein request that the parties be able permitted to conduct discovery. It is not patently

apparent whether the Defendant's motion to dismiss per 12(b)(1) and 12(b)(6) will be

granted. The Defendants' motion does not present a "clear, discrete issue such as

immunity from suit or the running of the statute of limitations that can be easily decided."

Baker v. Swift Pork Co., 2015 U.S. Dist. LEXIS 152235 (W.D. Ky. November 10, 2015).

      The Defendants' motion is yet another indication that they do not intend to

engage in the very basic practice of discovery whatsoever. Ruling on a motion to dismiss

based upon parallelism is not a simple matter of comparing the complaints filed in state

and federal court. Whether the federal court should stay or dismiss the proceedings involves much more analysis than, for instance, adjudging an immunity defense or statute of limitations argument.

Under Colorado River, the U.S. Supreme Court noted that in deciding whether to defer to the concurrent jurisdiction of a state court, a district court must consider such factors as (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; and (4) the order in which jurisdiction was obtained. *See* 424 U.S. at 818-19.

In subsequent cases, the Supreme Court has identified at least four additional factors to be weighed in the balance, including whether the source of governing law is state or federal; the adequacy of the state action to protect the federal plaintiff's rights; the relative progress of the state and federal proceedings; and the presence or absence of concurrent jurisdiction. Looking at these factors and rendering a decision requires a "careful balancing of the important factors as they apply in a given case" depending on the particular facts at hand. *See* Romine v. Compuserve Corp., 160 F.3d 337, 341 (6th Cir. 1998), *citing* Moses H. Cone, 460 U.S. 1 at 23-26, 74 L.Ed.2d 765, 103 S. Ct. 927 (1983); and Will v. Calvert Fire Ins. Co., 437 U.S. 655, 57 L. Ed. 2d 504, 98 S. Ct. 2552 (1978).

At least four of these factors should be weighed heavily in favor of federal court keeping this matter active: One, federal court is no less convenient to the parties as is Knox County Circuit Court; Two, state court has not assumed jurisdiction over any property or res; Three, there are genuine concerns about the adequacy of the state action to be able to protect the federal plaintiff's rights; and four, despite the length of time this

case has been on the state court's docket, there has actually been relatively little progress in state court, due wholly to the Defendants' conduct. In fact, the filing of the motion to dismiss and the motion for extension and to stay discovery herein evidence far more effort and yield than what the Defendants have accomplished in state court.

These items will be examined in-depth in the Plaintiffs' Response to the Motion to Dismiss, not yet due to the Court. However, the rationale for mentioning them in this instance is that there are credible arguments in favor of federal court keeping this matter. This is not an open-and-shut preliminary issue such as with an immunity issue or a statute of limitations argument per Baker, *supra*.

There is no burden upon the Defendants by proceeding with Plaintiffs being able to obtain discovery. They have yet to apparently be burdened by discovery rules generally. Any "burden" they face now is but a mere consequence of their own inaction. Simply filing a motion to dismiss based on a previously filed state action and then pointing to the two complaints filed in both actions should not summarily undercut the Plaintiffs' ability to conduct discovery herein. It is not at all apparent at this point that their motion will be successful.

WHEREFORE, the Plaintiffs respectfully request that the motion for an extension and for discovery to be stayed herein be denied as filed untimely and for the reasons stated above and that the Plaintiffs be permitted to engage in discovery herein.

Respectfully submitted,


By: <u>JEREMY W. BRYANT</u>
JEREMY W. BRYANT, ESQ.
BRYANT LAW, PLLC
37 South Park Center Drive, Suite 6
Corbin, KY 40701
(606) 261-7381 (p)
844-927-2494 (f)
j@jeremybryantlaw.com


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was sent via CM-ECF and a copy thereof was sent via regular U.S. Mail, postage prepaid, to parties and/or counsel of record on this the 29th day of December 2023.

<u>/s/ JEREMY W. BRYANT</u>
JEREMY W. BRYANT
*Plaintiffs' Counsel*