IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| SHARDABEN PATEL ) | CIVIL ACTION NO. 6:23-cv-00189 |
| and ASHOKKUMAR PATEL ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **RESPONSE TO MOTION** |
| BHARATBHAI PATEL, ) | **TO DISMISS FOR LACK** |
| AMIT PATEL, ) | **OF JURISDICTION [6]** |
| And ) | |
| KANU PATEL ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

Come now the Plaintiffs, by and through counsel, and hereby respond to the Defendants' Motion to Dismiss for Lack of Jurisdiction, to wit:

<u>This Matter Should Stay Active Considering the Factors per *Colorado River* and Relevant Case Law</u>

Generally, "as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction…" but there are "circumstances permitting the dismissal [or stay] of a federal suit due to the presence of a concurrent state proceedings for reasons of wise judicial administration…." <u>Colorado River Waters Conservation Dist. v. U.S.</u>, 424 U.S. 800, 818, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976). The circumstances are "considerably more limited than the circumstances appropriate for [other forms of] abstention. The former circumstances, though exceptional, do nevertheless exist." <u>Id</u>.

This principle has been recognized by the Supreme Court of the United States and the Sixth Circuit, finding that, "despite the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them,' considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts." Romine v. Compuserve Corp., 160 F.3d 337, 339 (6th Cir. 1998) (internal citation omitted), *quoting* Colorado River Conservation Dist. v. U.S., 424 U.S. at 817.

There are two basic steps that must be completed by the district court in determining whether Colorado River abstention is applicable. First, the district court must determine if the concurrent state and federal cases are parallel. Romine, 160 F.3d at 339. If parallelism between the state and federal courts is found, then the district court must apply the multi-factor balancing test set forth initially in Colorado River and expanded by later case law. Romine, 160 F.3d at 340-341.

This balancing test includes factors such as the following: One, whether the state court has assumed jurisdiction over any *res* or property; Two, whether the federal forum is less convenient to the parties; Three, avoidance of piecemeal litigation; Four, the order in which the jurisdiction was obtained; Five, whether the source of governing law is state or federal; Six, the adequacy of the state court action to protect the federal plaintiffs' rights; Seven, the relative progress of the state and federal proceedings; and lastly, the presence or absence of concurrent jurisdiction. Id., *internal citations omitted*.

"No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required. *Only the clearest of justifications will*

*warrant dismissal.*" Colorado River, 424 U.S. at 818-819 (internal citations omitted), *emphasis added*.

In other words, the decision "whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction. The weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 16, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983).[1]

Given that "only the clearest of justifications" will warrant dismissal and a weighing of the factors elucidated above generally break in favor of federal court retaining jurisdiction and not abstaining or dismissing the cause of action, this matter should remain active in federal court.

The factors which tip the scales in favor of this court retaining jurisdiction and hearing this matter are as follows:

Firstly, Knox County Circuit Court has not assumed jurisdiction over any *res* or property. This is, for simplicity's sake, a breach of contract action in a commercial setting. The state court has not assumed any jurisdiction over a piece of property or any other *res*. Thus, this factor weighs against abstention. *See* Romine, 160 F.3d at 341.

Secondly, the federal forum is no less convenient to the parties than state court. In fact, the decision to pursue a cause of action in federal over state court in this matter

---

[1] Noted as being superseded by statute as to the issue of whether the Federal Arbitration Act mandates that the district court may stay its own proceedings pending arbitration. Bradford-Scott Data Corp. v Physician Computer Network, 128 F.3d 504 (7th Cir. 1997). Still utilized as to a discussion of the "balancing factors" concerning parallelism in such cases as Kopacz v. Hopkinsville Surface & Storm Water Util., 714 F.Supp.2d 682 (W.D. K.Y., May 13, 2010).

largely considered the streamlined procedure that filing in federal court entails. Federal court is decidedly more convenient to the parties given that most of litigation is conducted via motion practice and without the necessity of oral argument. The Eastern District of Kentucky (London Division) is no less convenient to the parties than the parties having to appear in Knox County Circuit Court. Both sides of the equation in this matter—defendants and plaintiffs alike—should appreciate both the expeditious process of federal court litigation and the setting of important dates—most notably, trial—much more quickly than state court, as has been counsel's experience.

There is minimal distance difference between Barbourville and London, Kentucky, for both the plaintiffs (who reside several states away) and the defendants, who maintain a presence local to Knox County, Kentucky. There is no less convenience to the parties by federal court retaining jurisdiction. Therefore, the scales are tipped in favor of federal court retaining jurisdiction.

Thirdly, although state court assumed jurisdiction prior to filing in federal court, this factor is closely tied in with the relative progress of the state court case: "[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." Moses H. Cone Memorial Hospital, 460 U.S. at 21.

In the state court action, "Exhibit 1" being a Courtnet printout of the case's history, shows that despite the age of the case, there has been very little progress made. The Defendants have not answered discovery and have filed little else other than an answer. There have been no dispositive motions filed. No trial date is in place. Although

there was an order that the parties were to mediate this matter, the Defendants cancelled mediation.

In this matter, the Defendants have already filed much more in motion practice than in state court, despite the relative infancy of the federal case. Given the lack of progress the case has experienced in state court, any "progress" in state court is *de minimis*. Therefore, these factors also tip in favor of federal court retaining jurisdiction. The Defendants should not be able to claim "progress" in state court to have this matter dismissed while simultaneously resisting any form of actual litigation in state court. They have not even answered basic discovery.

The Defendants will undoubtedly file a reply to this response wherein they also weigh these factors and will point out that this action is one in diversity, which necessitates applying state law, and that the state court can also protect the plaintiffs' rights. However, the very fact that both Plaintiffs and Defendants can make valid points underscores that federal court should retain jurisdiction, given that only the "clearest of justifications" warrant dismissal. The rationale presented herein as to the factors expressly laid out above takes this case out of the cases presenting with the "clearest of justifications."

WHEREFORE, the Plaintiffs respectfully request that the motion to dismiss for lack of jurisdiction and for failure to state a claim be overruled herein and that this matter remain on the open and active docket.

        Respectfully submitted,


        By: <u>JEREMY W. BRYANT</u>
            JEREMY W. BRYANT, ESQ.
            BRYANT LAW, PLLC
            37 South Park Center Drive, Suite 6
            Corbin, KY 40701
            (606) 261-7381 (p)
            844-927-2494 (f)
            j@jeremybryantlaw.com


## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing was sent via CM-ECF and a copy thereof was sent via regular U.S. Mail, postage prepaid, to parties and/or counsel of record on this the 8th day of January 2024.

        <u>/s/ JEREMY W. BRYANT</u>
        JEREMY W. BRYANT
        *Plaintiffs' Counsel*