UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| SHARDABEN PATEL and ASHOKKUMAR PATEL, *Plaintiffs,* v. BHARATBHAI PATEL, AMIT PATEL, and KANU PATEL *Defendants.* | No. 6:23-CV-00189-CHB-HAI |

**REPLY IN SUPPORT OF**
**DEFENDANTS' MOTION TO STAY DISCOVERY**

Plaintiffs' Response and Objection ("Response") [D.E. 9] is nothing short of an unqualified, yet presumably unintentional, admission by Plaintiffs that the instant federal action was initiated in bad faith and for the manifestly improper purpose of accomplishing what is now prohibited in the state action. Plaintiffs' Response and actions demonstrate their scheme to utilize the federal proceedings as a proverbial backdoor to obtain discovery which they failed to diligently pursue in the state action for over three years and which is now prohibited by the state Court's discovery deadlines. *See* D.E. 9-1, "Scheduling Order," Exhibit 1 to Plaintiffs' Response (assigning discovery deadline for February 1, 2023). Rather than identify any justification for the purportedly *now* urgent need to conduct discovery without delay, Plaintiffs' dedicate the majority of their Response to attempting to rebut the merits of Defendants' Motion to Dismiss [D.E. 6]. Far from refuting the long-recognized benefits of a temporary stay, Plaintiffs concede

that "discovery stay orders are generally entered,"[1] where, like here, the stay request is presented in tandem with a dispositive motion. For all of these reasons, combined with the condensed rationales below, Defendants respectfully request that their Motion to Stay [D.E. 7] be GRANTED, and that all discovery be temporarily stayed pending resolution of Defendants' Motion to Dismiss [D.E. 6].

In lodging unsubstantiated attacks at Defendants' discovery efforts in the state action, Plaintiffs are oblivious to the fact Kentucky law places the responsibility for diligently pursuing one's own cause of action squarely and exclusively on Plaintiffs. *See* CR[2] 41.02; *see also Jaroszewski v. Flege*, 297 S.W.3d 24, 32 (Ky. 2009) (In the context of CR 41.02, the "prosecution" of a civil action is the diligent pursuit of the resolution of a case which "entails 'pursu[ing] the case diligently toward completion' or, in other words, actually working to get the case resolved…."). To the extent Plaintiffs are now unsatisfied with Defendants' state discovery efforts, they have no one to blame but themselves. If Plaintiffs truly took exception with the discovery proceedings in state court, they had both the means and responsibility to seek appropriate relief *prior* to the expiration of the February 1, 2023, discovery deadline. To be sure, the state court docket reflects that Plaintiffs took advantage of these very means vis-à-vis the filing of a motion to compel on February 17, 2022. See **Exhibit A**, State Court Docket History at p. 2. With that said, Plaintiffs' purported "concerns about the progress of their case in state court," D.E. 9 at p. 2, are repudiated by the complete absence of any action undertaken by Plaintiff over the course of the entire year following their motion to compel. It was not until February 17, 2023 – over one-year after filing their original motion and more than

---

[1] D.E. 9 at p. 1.
[2] Kentucky Rules of Civil Procedure.

two-weeks after the discovery deadline – that Plaintiffs pursued further relief by way of a second motion to compel. *Id.* Considered against this backdrop, Plaintiffs' claim of an exigent need to proceed with discovery poste-haste is disingenuous, at best. Plaintiffs' silence on the topic of any particularized need to conduct discovery relative to the federal action is deafening.

A temporary stay will not result in any prejudice to Plaintiffs. Proceeding with discovery, on the other hand, would be entirely premature. Especially where, as here, Defendants' Motion to Dismiss presents pure questions of law which, if resolved in Defendants favor, would resolve this action in its entirety. What's more, allowing discovery to proceed would prejudice not only Defendants, but also this Court, in the form of a needless increase in the costs of litigation, unwarranted incurrence of attorney's fees, and waste of judicial resources.

Legal precedent also favors a stay. "[I]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Chavous v. D.C. Fin. Responsibility and Mgt. Assistance Auth.,* 201 F.R.D. 1, 2 (D.D.C. 2001) (quotation omitted). Indeed, "[a] stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Id.* (quotation omitted). "Discovery is not justified when cost and inconvenience will be its sole result." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO,* 901 F.2d 404, 436 (5th Cir. 1990).

The above grounds, considered independently or collectively, represent only a handful of the countless other benefits favoring a temporary stay. That Plaintiffs have not

3

and cannot identify any prejudice from a stay – or a single benefit to proceeding with discovery – speaks volumes on the futility of Plaintiffs' position.

The above notwithstanding, and at the risk of profoundly understating its significance, there remains a single consideration exponentially more persuasive than any other. Simply put, Plaintiffs scheme to use this Court to obstruct discovery deadlines in the state action is an affront to the integrity of not only this Court and the state Court, but the justice system at large.

For these reasons, Defendants respectfully request that the Court grant their Motion to Stay Discovery [D.E. 7].

DATED: January 10, 2024

Respectfully submitted,

_____
Jay Milby Ridings (KBA No. 91971)
Kelsey Lee Bryant (KBA No. 98442)
Hamm, Milby & Ridings PLLC
120 N. Main St.
London, KY 40741
Telephone: (606) 864-4126
Fax: (606) 878-8144
jridings@hmkylaw.com
kelsey@hmrkylaw.com

*Counsel for Defendants Bharatbhai Patel, Amit Patel, and Kanu Patel*

4