UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| SHARDABEN PATEL & ASHOKKUMAR PATEL, | ) ) ) |
| Plaintiffs, | ) ) No. 6:23-CV-189-CHB-HAI |
| v. | ) ) ) |
| BHARATBHAI PATEL, AMIT PATEL, & KANU PATEL, | ) ORDER ) ) ) |
| Defendants. | ) ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court considers Defendants' motion to stay proceedings pending resolution of their motion to dismiss. D.E. 7. Plaintiffs responded in opposition. D.E. 9. Defendants replied. D.E. 12.

Plaintiffs initiated this federal diversity action for breach of contract on October 24, 2023. D.E. 1. On December 18, Defendants appeared by filing a motion to dismiss for lack of jurisdiction. D.E. 6. According to the motion to dismiss, there exists a "substantively identical" state action that was filed over three years ago, and this federal action "is barred by *res judicata* and claim splitting." *Id*. at 1. Plaintiffs have responded in opposition to the motion to dismiss (D.E. 11), but the reply is not yet due. The day after filing the motion to dismiss, Defendants also moved to stay proceedings. D.E. 7. The Court construes that filing as being "concurrent" with the motion to dismiss. *See* D.E. 4 ¶ 4 (Standing Order).

Defendants argue in favor of a stay as follows:

First, Defendants' Motion to Dismiss hinges entirely upon issues of law and does not require the resolution of any factual questions. Consequently, Plaintiffs do not need to conduct discovery to respond to Defendants' Motion. Next, and perhaps more importantly, the underlying motion, if granted, would resolve all aspects of

1

> this case. Staying discovery until the resolution of this universally dispositive issue would benefit all parties, including Plaintiffs, by allowing the parties to avoid the significant expense of conducting dual, and potentially repetitive discovery in the federal action. Finally, staying discovery in the federal action could not possibly prejudice Plaintiffs inasmuch as Plaintiffs remain free to continue conducting discovery in the identical state action which has been pending for nearly 3 ½ years.

D.E. 7 at 2.

Plaintiffs, however, argue "staying discovery herein is unwarranted given the aloofness which with these Defendants have treated state court and due to the complexity of the required analysis concerning parallelism under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236 (1976)." D.E. 9 at 1. According to Plaintiffs, the long pendency of the state-court action is due to Defendants' "overt disregard for moving litigation along or in complying with basic discovery or scheduling orders." *Id*. at 1-2.

> Thus far, these Defendants have failed to participate in court-ordered mediation per the order entered on March 17, 2022 ("Exhibit 1") or via Agreed Order, and have never responded to written discovery tendered on June 8, 2021 ("Exhibit 2"). Plaintiffs, through counsel, have filed two motions to compel and the Defendants still have not answered discovery. *See* "Exhibits 3 and 4," respectively. These Defendants have participated in zero litigation efforts beyond delay tactics and filing an answer in the state action on January 8, 2021 ("Exhibit 5").
>
> This action in federal court was not filed to harass the Defendants or to annoy them. This action was filed in federal court, in part, because Plaintiffs have sincere and understandable concerns about the progress of their case in state court given the Defendants' cavalier stance toward basic discovery and in their defiance toward progressing litigation, positions which may change given the gravity of filing a federal lawsuit.

*Id*. at 2. Plaintiffs insist they have credible arguments that dismissal under *Colorado River* abstention is not warranted. *Id*. at 4-5. Defendants in response fault Plaintiffs for legal gamesmanship. D.E. 12. Defendants point out that all discovery deadlines in the state action have passed, and Plaintiffs took no timely action to accomplish discovery aside from filing a motion to compel in February 2022. *Id*. at 2.

The parties are under the impression "that discovery stay orders are generally entered—even agreed to by the parties—in most instances in federal civil court." D.E. 9 at 1; *accord* D.E. 12 at 1-2. Not so in this Court.

Under Federal Rule of Civil Procedure 26(c)(1)(D), a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D). In other words, if good cause exists, *then* the Court has discretion to stay discovery. But the default position under the Rules is that discovery proceeds despite a pending dispositive motion. *Purvis v. Praxair, Inc.*, No. 5:19-CV-08-KKC-MAS, 2021 WL 2627384, at *2 (E.D. Ky. May 11, 2021). "The fact that a party has filed a dispositive motion that contains legal arguments in favor of dismissal is generally insufficient, as cases time and again hold, to warrant a stay of discovery." *Sparks v. Fifth Third Mortg. Co.*, No. 5:17-CV-450-CHB-REW, 2018 WL 2250920, at *2 (E.D. Ky. May 3, 2018) (collecting cases to this effect); *accord Osborn v. Griffin*, No. 2:11-CV-89-WOB-CJS, 2011 WL 13156649, at *1 (E.D. Ky. Dec. 9, 2011). Orders staying discovery are reviewed on appeal for abuse of discretion. *Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003).

Good cause may exist when a stay could "prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources," such as "where the pending motion raises issues of immunity *from suit*, as opposed to simply immunity from liability, or where the case is patently meritless." *Purvis*, 2021 WL 2627384, at *2 (citations omitted). "Additionally, the Court is required to take into account any societal interests which are implicated by either proceeding [with] or postponing discovery." *Ohio Bell Tel. Co. v. Glob. NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008). Absent such circumstances,

3

granting a stay is "improper." *Purvis*, 2021 WL 2627384, at *2. Thus, the party seeking a stay needs to "detail the specific burdens" it would face from discovery or "explain how the prejudice it would face [is] different from any other party that files a potentially case-dispositive motion." *Id*. at *3. "**The party seeking the stay must demonstrate a clear case of hardship or inequity in being required to go forward**." *Caudill v. Wells Fargo Home Mortg., Inc.*, No. 5:16-CV-66-DCR, 2016 WL 3820195, at *2 (E.D. Ky. July 11, 2016) (emphasis added). The Court must "weigh[ ] the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bowens v. Columbus Metro. Libr. Bd. of Trustees*, No. 2:10-CV-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010).

> In addition to prejudice to either side, the calculus properly accounts for such considerations as whether the dispositive motion is likely to resolve the entire case, whether the preliminary issues raised in the motion are clear-cut or debatable, and whether any discovery is needed to brief and resolve the dispositive motion.

*Purvis*, 2021 WL 2627384, at *3 (citations omitted).

Here, the motion to dismiss could resolve the entire case. However, without stating any opinion on the ultimate resolution of the motion, its resolution is not clear-cut. The law to be applied involves the balancing of numerous equitable factors. Defendants have not pointed to any special burden that discovery would place on them outside the normal case where a dispositive motion is pending. The motion does not raise immunity from suit, and the complaint is not patently meritless. Significantly, the Court is concerned with the lack of progress of discovery in the state matter. Whatever the cause for this lack of progress, this triggers society's interest in the prompt resolution of lawsuits. On the existing record, the Court does not find Defendants have met their burden of showing good cause for a stay.

Accordingly, **IT IS HEREBY ORDERED THAT** Defendants' motion to stay (D.E. 7) is **DENIED**.

District Judge Boom has referred this matter to the undersigned to direct the parties to "timely conduct a Rule 26(f) conference," and establish a schedule, among other things. D.E. 4 at 1-2. Pursuant to Fed. R. Civ. P. 16 and 26, the Court **FURTHER ORDERS** as follows:

(1) **Within 21 days**, the parties, by counsel, shall meet, either in person or by telephone, to consider the topics Rule 26(f)(2) mandates.

(2) **Within 14 days** of the meeting, the parties shall file a joint status report containing:

   a. The discovery plan, containing, *inter alia*, the parties' views and proposals on all items Rule 26(f)(3) lists and any standard scheduling order deadlines / requirements on which the parties wish the Court to consider specific timing proposals;

   b. The parties' estimate of the time necessary to file pretrial motions;

   c. The parties' belief(s) as to whether the matter is suitable for some form of alternative dispute resolution and any proposed timing;

   d. The parties' estimate as to the likely length of trial and dates mutually convenient for trial; and

   e. The parties' decision whether, as to this matter, they voluntarily consent to the jurisdiction of a United States Magistrate Judge for all purposes, including trial and entry of final judgment, pursuant to 28 U.S.C. § 636(c). The parties, if they choose to consent, should so indicate by signing the attached consent form no later than the date the joint status report is due. The Clerk shall then reassign this matter to the appropriate Magistrate Judge

    on this docket without the necessity of further Order of the Court. *See* LR 73.1(c). The parties are free to withhold consent without adverse substantive consequences.

(3) If the parties propose a deadline for dispositive motions to be filed that is more than one (1) year from the date the joint status report required by paragraph (2) is filed, they SHALL specifically describe the basis for the length of their proposed schedule with sufficient detail for the Court to assess that schedule and its progression, including in particular the discovery and dispositive motions deadlines. If such basis and detail is not provided, the Court will shorten the timeline provided by the parties.

 The Court enters this Order on a non-dispositive pretrial matter pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). Any objection to this Order **SHALL** be asserted in accordance with Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

 This the 11th day of January, 2024.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge