UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| SHARDABEN PATEL and ASHOKKUMAR PATEL,<br><br>*Plaintiffs,*<br><br>v.<br><br>BHARATBHAI PATEL, AMIT PATEL, and KANU PATEL<br>*Defendants*. | No. 6:23-CV-00189-CHB-HAI |

**REPLY IN SUPPORT OF**
**DEFENDANTS' MOTION TO STAY DISCOVERY**

Plaintiffs' Response fails to even reference, let alone rebut, Defendants' argument that Plaintiffs' claims are barred by the doctrine of claim splitting. Instead, Plaintiffs dedicate the entirety of their Response to a discussion of *Colorado River*[1] abstention. In so doing, Plaintiffs are putting the horse before the cart. Under the "Full Faith and Credit statute," 28 U.S.C. § 1738, a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered. *Bates v. Township of Van Buren*, 459 F.3d 731, 734 (6th Cir.2006) (citing *Migra v. Warren City. School District Board of Education*, 465 U.S. 75, 80–82, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984)). By that same token, federal courts must look to the particular state's law of *res judicata* when deciding whether to give preclusive effect to a state-court determination. *See Knott v. Sullivan,* 418 F.3d 561, 567 (6th Cir.2005).

---

[1] *Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976).

Of course, "claim splitting is the same as *res judicata*, but with a presumption of a final judgment instead of an actual final judgment." *Waad v. Farmers Ins. Exch.*, 762 F. App'x. 256, 260 (6th Cir. 2019). As shown in Defendants' Motion to Dismiss (D.E. 6), Plaintiffs' federal lawsuit represents the epitome of one prohibited by Kentucky law under the claim splitting doctrine. Plaintiffs' did not, and cannot, dispute that the elements of claim splitting are clearly satisfied under the facts of this case. Plaintiffs' failure to even attempt to address the single argument upon which Defendants' Motion was exclusively based can only be interpreted as (1) admission by silence, or, (2) a scheme to distract "in the manner of a sleight-of-hand artist at a carnival." *Rehaif v. United States*, 139 S. Ct. 2191, 2203, 204 L. Ed. 2d 594 (2019). Either way, Plaintiffs' federal action is barred by Kentucky's long-standing prohibition against claim splitting for all of the reasons set forth in Defendants' underlying motion.

Defendants' unrefuted arguments aside, Plaintiffs' discussion of and reliance on *Colorado River* abstention is both incomplete and detrimental to their cause. To be sure, application of the relevant factors strongly favors abstention. Eight factors may be considered by a district court in determining whether abstention of a "parallel" action is justified by considerations of "wise judicial administration":

1. If property is involved, which court first assumed jurisdiction over it.
2. The convenience of the federal forum to the parties.
3. Whether abstention would avoid "piecemeal litigation."
4. Whether the state or federal court first obtained jurisdiction.
5. Whether a decision on the merits would be based on federal law or state law.
6. Whether the state court proceedings are adequate to protect the rights of the federal plaintiff.

7. Which proceedings are more advanced.

8. Whether concurrent jurisdiction is present or absent.

*Colorado River,* 424 U.S. at 818. See also *United States v. Commonwealth of Kentucky*, 252 F.3d 816, 827 (6th Cir.2001); *Romine*, 160 F.3d at 340–41. The court must balance these factors, but they are not a "mechanical checklist," *Romine*, 160 F.3d at 341, and "[n]o one factor is necessarily determinative." *Colorado River*, 424 U.S. at 818.

Plaintiffs' reliance on *Colorado River* is misplaced and ill-advised. Of the eight factors, five strongly urge abstention, one slightly favors abstention, and one is effectively neutral. More importantly, not even a single factor weighs against abstention.

The first factor is irrelevant since property is not at issue. As Plaintiffs' Response concedes, the federal and state complaints present nothing more than a simple "breach of contract action in a commercial setting." D.E. at 3.

The close proximity of the federal courthouse in London to the state courthouse in Barbourville minimizes the significance of the convenience-of-the-federal-forum factor. With that said, the second factor does favor abstention, albeit to a minimal degree. The Plaintiffs, according to the Complaint, are residents of Maryland such that neither the federal nor the state forum is particularly convenient. D.E. 1 at ¶ 1. All defendants, on the other hand, reside in Barbourville. *Id.* at ¶ 2. Plaintiffs' discussion of the purported rationale for filing the instant federal action more than three years after filing an identical state action is patently irrelevant to the analysis of this factor. To the extent this factor is relevant, it slightly counsel's in favor of abstention.

The third, and one of the more important factors, strongly urges abstention. Lest there be any doubt, the Court need look no further than the complete absence of discussion of this factor

3

within Plaintiffs' Response. Plaintiffs' silence speaks volumes. Due to the identical nature of the suits, duplicative litigation is guaranteed to result. To be sure, Plaintiffs' federal filings conclusively reveal their true intentions for filing the federal action: to utilize the federal proceedings as a proverbial backdoor to obtain discovery which they failed to diligently pursue in the state action for over three years and which is now prohibited by the state Court's discovery deadlines.[2] The fact that this action is repetitive, as distinguished from reactive, is particularly persuasive. "Repetitive suits are more suspect than reactive suits[,]" *Epps v. Lauderdale Cnty.*, 139 F. Supp. 2d 859, 867 (W.D. Tenn. 2000), citing *Romine*, 160 F.3d at 342. The instant action exemplifies why:

> Repetitive suits may be designed to harass the defendant, they may be instigated because Plaintiff is impatient with a court's delay, or may be a reaction to an adverse ruling that foreshadows a decision on the merits but is not a final resolution that must be accorded res judicata effect. Chemerinsky, § 14.1 at 815.

Epps, 139 F. Supp. 2d at 867. Plaintiffs' filings quite literally confess guilt as to these concerns. See D.E. 9 at 2 ("This action in federal court was not filed to harass the Defendants or to annoy them. This action was filed in federal court, in part, because Plaintiffs have sincere and understandable concerns about the progress of their case in state court…."). The third factor overwhelmingly favors abstention.

The fourth factor – primacy – likewise tilts heavily in favor of abstention. Plaintiffs filed their Complaint in state Court on May 28, 2020. See D.E. 6-2. Plaintiffs waited a full three years, four months, three weeks, and five days before filing the identical Complaint that is now before this Court. D.E. 1. According to the "Scheduling Order" entered in the state action, fact and expert discovery is apparently closed and the only steps remaining to bring the matter to final conclusion is for either party to file a motion requesting a "Final Pretrial Conference" at which

---

[2] Discussed more fully in Defendants' Reply in Support of Motion to Stay Discovery (D.E. 12).

point a trial date will be assigned.[3] See D.E. 9-1 at ¶¶ 1 and 14. The significant age and advanced stage of the state proceedings weigh heavily in favor of abstention.

While the undersigned's knowledge of the state proceedings is limited to the state court filings of record, all such evidence paints a far different picture than the one-sided portrayal of Defendants' discovery efforts suggested by Plaintiffs. Despite filing the state action in late May 2020, Plaintiffs waited over a year before propounding written discovery on June 8, 2021. **Exhibit A**, Plaintiffs' Notice of Service of Discovery. Prior to that time, there is no indication Plaintiffs took any action whatsoever to pursue their claims. See D.E. 12-1, State Court Docket. An Agreed Order referring the case to mediation was entered on October 13, 2021. *Id.* In their Response Plaintiffs contend Defendants "cancelled the mediation." Notably, however, Plaintiffs fail to identify what steps, if any, Plaintiffs undertook to reschedule mediation or otherwise comply the agreed order. Plaintiffs did not file a motion to compel or otherwise enforce compliance with the mediation order. See *id.* On February 17, 2022, Plaintiffs did file a Motion for Scheduling Order, **Exhibit B**, and Motion to Compel Discovery, **Exhibit C**. While a Scheduling Order was entered on March 17, 2022, the record does not contain a written order addressing Plaintiffs' Motion to Compel. See D.E. 12-1, State Court Docket. Following the entry of the scheduling order, eleven months elapsed without any activity in the state action. *Id.* It was not until February 5, 2023 – over one-year after filing their original motion to compel and more than two-weeks after the discovery deadline – that Plaintiffs pursued further relief by way of a second motion to compel. **Exhibit D**. On this same date Plaintiffs also filed a Motion to Set Aside Scheduling Order, **Exhibit E**, wherein Plaintiffs represented only that "the parties have been unable to mediate this matter or engage in depositions as written discovery is still

---

[3] The undersigned does not and has not represented Defendants in the state action and is not in a position to address the current status of the Scheduling Order. With that said, the fact that it was Plaintiffs who filed the Scheduling Order as an exhibit to D.E. 9 certainly suggests that the terms of said Order remain in effect.

outstanding." While an Agreed Order sustaining Plaintiffs' motion to compel was apparently entered on August 23, 2023, the Scheduling Order seemingly remains unaltered. D.E. 12-1. Plaintiffs' ironic criticism of Defendants' state court efforts is oblivious to the fact that Kentucky law places the responsibility for diligently pursuing one's own cause of action squarely and exclusively on Plaintiffs. *See* CR[4] 41.02; *see also Jaroszewski v. Flege*, 297 S.W.3d 24, 32 (Ky. 2009) (In the context of CR 41.02, the "prosecution" of a civil action is the diligent pursuit of the resolution of a case which "entails 'pursu[ing] the case diligently toward completion' or, in other words, actually working to get the case resolved…."). As Plaintiffs have failed to comply with their obligation to diligently pursue the original state action, they should not now be heard to complain about "the lack of progress the case has experienced in state court." D.E. 11 at p. 5. Even more importantly, they most certainly should not be rewarded in the form of receiving a second bite at the apple to accomplish in this Court what they failed to achieve in state Court as the result, in large part, of their own lack of diligence. The fourth factor strongly favors abstention.

The fifth factor looks to the source of governing law. All of Plaintiffs' claims arise exclusively under state law, thereby weighing heavily in favor of abstention.

Plaintiffs' do not suggest, let alone establish, that the state court proceedings are in anyway inadequate to protect their rights, thereby implicitly conceding that the sixth factor supports abstention.

With fact and expert discovery closed and the only remaining step to bring the state action to a conclusion is the filing of a motion for a trial date, the state proceedings are indisputably more advanced than the infant federal action. For the same reasons articulated above regarding the fourth factor, Plaintiffs' lack of diligence in the state action should not be

---

[4] Kentucky Rules of Civil Procedure.

6

rewarded in this Court. Because Kentucky law places the ultimate responsibility to diligently pursue their own cause of action, the seventh factor also favors abstention.

Finally, the fact that there is concurrent jurisdiction in this case has little bearing on abstention—except that it is within the federal court's discretion to favorably weigh abstention in such circumstances. *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 665, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978) (plurality opinion). To the extent the Court deems this factor relevant, it tilts slightly in favor of abstention.

Requiring this Court to consider the same issues before the state court would be a colossal waste of judicial resources. With seven of the *Colorado River* factors favoring abstention, one being neutral, and not even one opposing abstention, this Court should abstain from considering the identical issues presented in the identical Complaint Plaintiffs' initially chose to present in the Knox Circuit Court nearly 3 ½ years earlier. Of course, the Court need not even consider these factors as Plaintiffs' claims are barred by the Kentucky's long-standing prohibition against claim splitting.

For all of these reasons, combined with those contained within their underlying Motion to Dismiss (D.E. 6), Defendants respectfully request that Plaintiffs' federal action be dismissed.

DATED: January 22, 2024                                  Respectfully submitted,

        /s/ Jay Ridings
Jay Milby Ridings (KBA No. 91971)
Kelsey Lee Bryant (KBA No. 98442)
Hamm, Milby & Ridings PLLC
120 N. Main St.
London, KY 40741
Telephone: (606) 864-4126
Fax: (606) 878-8144
jridings@hmkylaw.com
kelsey@hmrkylaw.com

*Counsel for Defendants Bharatbhai Patel,
Amit Patel, and Kanu Patel*