**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON DIVISION**

| |
|---|
| SHARDABEN PATEL and<br>ASHOKKUMAR PATEL,<br><br>                *Plaintiffs,*<br><br>   v.<br><br>BHARATBHAI PATEL,<br>AMIT PATEL, and<br>KANU PATEL<br>              *Defendants.* |

No. 6:23-CV-00189-CHB-HAI

**DEFENDANTS' RESPONSE TO PLAINTIFFS'**
**FEBRUARY 12, 2024 FILING [R. 19]**

The Defendants, Bharatbhai Patel, Amit Patel, and Kanu Patel, by counsel, submit this response to Plaintiffs' February 12, 2024, filing (DE 19), in accordance with the Court's direction vis-à-vis its most recent Order (DE 20).

In their Response to Notices R. 15 and R. 16 ("Response"), Plaintiffs represent that "[a]s of February 12, 2024, [the state Court Judgment] has been vacated and the state court action has been dismissed in favor of this federal court litigation …." DE 19 at p. 1. Immediately thereafter, Plaintiffs conceded that no written order formally vacating the state judgment had been entered at the time of filing their Response, but Plaintiffs anticipated entry of such an order in the near future. *Id.* Plaintiffs then agreed to "supplement [the federal record] with the order upon the same being executed and entered." *Id.*

In full candor, the undersigned can neither confirm nor deny the accuracy of Plaintiffs' representations relating to any oral rulings that might have been issued by the state Court.

Unfortunately, Plaintiffs have not produced a copy of any order formally vacating the state Court Judgment (DE 16-1). More importantly, as of the instant filing, the state Court docket reflects that no such order has been entered and that the final Judgment remains in effect. *See* **Exhibit A**, CourtNet Docket History obtained 2/20/24 at 5:11 PM.[1] The docket further suggests that neither Plaintiffs nor Defendants have tendered a proposed order for the Court's review.

Mindful of this Court's direction to specifically address whether a dismissal of the state action *would* render their Motion to Dismiss ("Motion") (DE 6) moot, Defendants offer the following hybrid response:

Defendants' Motion is **<u>not</u>** currently moot due to the absence of an order formally vacating the Judgment and dismissing the state action. This is so because Kentucky trial courts "speak[] only through written orders entered upon the official record." *Kindred Nursing Ctr. Ltd. P'ship v. Sloan*, 329 S.W.3d 347, 349 (Ky. App. 2010) (citing *Midland Guardian Acceptance Corp. of Cincinnati, Ohio v. Britt*, 439 S.W.2d 313 (Ky. 1968); *Commonwealth v. Wilson*, 132 S.W.2d 522 (Ky. 1939).

Yet, in full candor, Defendants do concede that their Motion would be rendered moot upon the finality of any state Court order serving to vacate the Judgment and dismiss the state action in favor of the instant litigation. But unless and until such an order is entered and becomes final, a determination relating to the question of mootness would be premature.

The undersigned has never represented Defendants in the state action. Were it not for the current posture of the state action, the undersigned would otherwise take on a more active role in securing an order resolving the state action consistent with Plaintiffs' representations regarding the status of the state proceedings; subject, of course, to receiving Defendants' consent. To that

---

[1] In fairness, dockets obtained via CourtNet do NOT constitute official court records.

end, the undersigned respectfully seeks this Court's indulgence regarding the undersigned's abstention from the state Court proceedings.

To be clear, Defendants have every desire to bring this matter to a final resolution as quickly as possible – whether it be resolved in state Court or this Court. Ultimately, it was Plaintiffs who filed identical actions in two courts more than three years apart. It was Plaintiffs who, after filing the instant federal action, continued to actively pursue a Judgment in the state action while opposing not only Defendants' federal Motion to Dismiss, but also their Motion to Stay Discovery. *See* DE 11 and DE 9.  Then, despite having received a final Judgment in the state action, it was Plaintiffs who failed to inform this Court (or the undersigned) of said Judgment. It was Plaintiffs who vigorously opposed Defendants' efforts to have the state Judgment set aside while continuing to prosecute the federal action. *See* **Exhibit B**, Response to Motion to Alter, Amend or Vacate. Now, after having seemingly received an adverse ruling in the state action vis-à-vis an oral ruling vacating the state Judgment, Plaintiffs have purportedly decided to pursue their action exclusively in federal court. Putting aside the patently improper forum shopping it took to finally get to this stage, it should be Plaintiffs who are tasked with the responsibility of promptly securing the entry of an order in state Court that will definitively resolve any mootness issue surrounding Defendants' Motion to Dismiss (DE 6).

Wherefore, for the forgoing reasons, Defendants respectfully request an Order directing that Plaintiffs:

1) Make good faith efforts to secure the entry of a state Court order consistent with the oral rulings described in Plaintiffs' most recent filing (DE 19);

2) On or before Friday, March 8, 2024,

   a. File a copy of said order with this Court, or

    b.   File a status report detailing Plaintiffs' efforts to secure the entry of such an order.

Respectfully submitted,

_____
Jay Milby Ridings (KBA No. 91971)
Kelsey Lee Bryant (KBA No. 98442)
Hamm, Milby & Ridings PLLC
120 N. Main St.
London, KY 40741
Telephone: (606) 864-4126
Fax: (606) 878-8144
jridings@hmkylaw.com
kelsey@hmrkylaw.com

*Counsel for Defendants Bharatbhai Patel,*
*Amit Patel, and Kanu Patel*

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that on the 20th day of February, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Jeremy W. Bryant, Esq.
Bryant Law, PLLC
37 South Park Center Drive, Suite 6
Corbin, KY  40701
j@jeremybryantlaw.com

_____
*Counsel for Defendants Bharatbhai Patel,*
*Amit Patel, and Kanu Patel*

4