Filed          20-CI-00204     02/11/2024         Greg Helton, Knox Circuit Clerk

COMMONWEALTH OF KENTUCKY
27TH JUDICIAL CIRCUIT
KNOX COUNTY CIRCUIT COURT
CIVIL ACTION NO.: 20-CI-00204
DIVISION II
*Via Electronic Filing*

| | |
|---|---|
| SHARDABEN PATEL, ET AL | PLAINTIFF |
| VS. | |
| BHARATBHAI PATEL, ET AL | DEFENDANTS |

_____

**RESPONSE TO MOTION TO ALTER, AMEND, OR VACATE**

_____

COME NOW the Plaintiffs, by and through counsel, and hereby respond to the Defendants' Motion to Alter, Amend, or Vacate herein as follows:

In general, a trial court has unlimited power to alter, amend, or vacate its judgments. Gullion v. Gullion, 163 S.W.3d 888, 891-92 (Ky. 2005). The Supreme Court of Kentucky has limited the grounds for relief under CR 59.05 to those established by its federal counterpart, the Federal Rules of Civil Procedure, specifically FRCP 59(e). Id. at 893. There are four basic grounds upon which a Rule 59 motion may be granted: First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. Fourth, a motion may be justified by an intervening change in controlling law.

1

Filed          20-CI-00204     02/11/2024         Greg Helton, Knox Circuit Clerk

RES : 000001 of 000006

**EXHIBIT B**

Filed                20-CI-00204      02/11/2024              Greg Helton, Knox Circuit Clerk

Id.

Not one of these grounds is mentioned in the motion to alter, amend, or vacate. Despite having been served this motion—and impliedly acknowledging via text in November that the motion had been received (with a subsequent text exchange in December that the same would be renoticed)—nobody appeared to defend the motion in state court during the January motion hour despite the case remaining open without having been dismissed.

This matter was filed in Knox County Circuit Court on May 28, 2020. Since that time, besides filing an Answer, the Defendants have not in any way complied with requests for discovery, mediation (entered into by agreement), the order compelling discovery entered herein on February 17, 2023, or the agreed order providing for judgment to be entered on August 23, 2023.

Undersigned counsel has to date filed two motions to compel, to which the Defendants have provided nothing by way of discovery responses. Following the nearly three years of simply trying to push this case forward with the Defendants, the Plaintiffs became concerned about the effectiveness of this matter remaining in state court.

Because of that, a federal court action was filed on October 24, 2023. The Defendants thereafter immediately filed a motion to dismiss ("Exh. 1") citing the existence of the state court action and have otherwise been vehemently opposed to federal court taking jurisdiction over this matter.

Federal court has not asserted jurisdiction over this matter, given the attached motion. This matter remains open in state court.

2

Filed                20-CI-00204      02/11/2024              Greg Helton, Knox Circuit Clerk

RES : 000002 of 000006

**EXHIBIT B**

Undersigned counsel has never unequivocally stated that the state court action would be dismissed. Undersigned counsel will stipulate to indicating that the same action might be dismissed—however, those representations were made prior to the quite vocal defensive measures that the Defendants have taken in federal court quite powerfully indicating their wish to remain in state court. Undersigned counsel very clearly indicated in communications with defense counsel in both November and December of 2023 that the motion for the judgment would be heard.

Now that state court has entered a judgment in Plaintiffs' favor in response to the discovery responses not being tendered timely, the Defendants wish for federal court, apparently, to assume jurisdiction. It is important to note that the Defendants, through counsel, have put forth more effort into having this matter dismissed in state court back into state court (and, bizarrely, dismissed from state court back into federal court), then they have in any other facet of the state case.

The motion for judgment was initially filed in October of 2023 and noticed for December of 2023. Defense counsel and Plaintiff's counsel conferred via text on November 23, 2023, wherein the Plaintiff's counsel informed Defense counsel that discovery still had not been received. Undersigned counsel did not represent in that text that the state action would be dismissed.

The attachment to the motion to alter, amend, or vacate is quite telling in that there is *not even a certificate of service* evidencing that these discovery responses were served upon Plaintiffs' counsel. Plaintiffs' counsel had *never* received these responses prior to the response to motion to alter, amend, or vacate being filed. As of drafting this response, undersigned has no idea where the responses were even sent. Given the

3

**EXHIBIT B**

Filed                 20-CI-00204          02/11/2024                   Greg Helton, Knox Circuit Clerk

agreed order providing for judgment, one would have thought the responses would have been sent via email, certified mail, or facsimile to Plaintiffs' counsel—*something* to evidence both that it was sent and received. There is not even a certificate of service on this document.

    The federal court action was filed out of sheer concern that this matter could not be fully adjudicated in state court given the lackadaisical way the Defendants have treated state court proceedings. Not one time—other than when they had a judgment entered against them—have they engaged in litigation. The motion for judgment was served upon the Defendants, was never withdrawn, and undersigned counsel has never made an agreement to dismiss the federal or state court case. Given the wholly incompatible positions the Defendants have taken in trying to get the federal court action dismissed in lieu of state court, and vice versa, surely it understandable why the Plaintiffs have been reluctant to dismiss either.

    Ultimately, the judgment should remain in state court and operate as *res judicata* for the purpose of dismissing the federal suit. The Defendants have not operated in good faith in either the federal or the state court action. The state court action has been treated with nonchalance and delay and the federal court action has been treated with resistance to federal court action.

    The Defendants appear not to be troubled by state court orders compelling or the agreed order to mediate this matter. The discovery responses attached to the motion to alter, amend, or vacate have never been served upon Plaintiffs' counsel—there is not even an indication via certificate of service on that document which demonstrates where it was supposedly sent even.

4

Filed                 20-CI-00204          02/11/2024                   Greg Helton, Knox Circuit Clerk

RES : 000004 of 000006

**EXHIBIT B**

Even if the responses were sent, those responses would have been well over two years late. The Defendants have not complied with the order compelling entered almost a year ago, on February 17, 2023. It has now taken an order compelling, an agreed order for judgment, a federal court action being filed, and a judgment being entered herein to get the Defendants moving in some kind of direction in this matter.

There are no grounds presented in the motion to vacate to dismiss this action. Given that the Defendants have not complied with discovery rules or court orders and given their wholly inconsistent positions in state and federal court, they should not be able to benefit from that system by having this judgment set aside.

Plaintiffs herein request that the judgment remain, and the Plaintiffs will move to dismiss the federal court action upon the same remaining.

Given the apparent disregard the Defendants have displayed toward discovery, the court's orders, and even in defending the motion for judgment—coupled with the fact that they seem not willing to consent to either state or federal court acting in the case—the motion to alter, amend or vacate should be OVERRULED. There are no grounds under 59.05, in borrowing from the federal rules, which provide that relief.

WHEREFORE, Plaintiffs request an order in conformity with this request.

Respectfully submitted,

<u>/s/ JEREMY W. BRYANT</u>
JEREMY W. BRYANT, KBA #92983
BRYANT LAW, PLLC
37 South Park Center Drive, Ste 6
Corbin, KY 40701
(p) 606-261-7381
(f) 1-844-927-2494
j@jeremybryantlaw.com

5

**EXHIBIT B**

Filed                20-CI-00204        02/11/2024              Greg Helton, Knox Circuit Clerk

### CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was e-filed with the Knox County Circuit Court Clerk and a copy thereof was sent via email to Hon. Billy Taylor on this the 11th day of February 2024.

      /s/ JEREMY W. BRYANT
      By: JEREMY W. BRYANT
      *Counsel for Plaintiffs*

Filed                20-CI-00204        02/11/2024              Greg Helton, Knox Circuit Clerk

RES : 000006 of 000006

**EXHIBIT B**