UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

SHARDABEN PATEL and
ASHOKKUMAR PATEL,

          *Plaintiffs,*

    v.                                              No. 6:23-CV-00189-CHB-HAI

BHARATBHAI PATEL,
AMIT PATEL, and
KANU PATEL

          *Defendants.*

## ANSWER TO COMPLAINT

Come the Defendants, Bharatbhai Patel, Amit Patel, and Kanu Patel (collectively, Defendants), by counsel, and for their Answer to the Complaint (DE 1) of the Plaintiffs, Shardaben Patel and Ashokkumar Patel (Plaintiffs), state as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted and should therefore be dismissed with prejudice.

### SECOND DEFENSE

In response to the specific allegations contained in Plaintiffs' Complaint, Defendants generally deny all allegations of liability and damages as set forth therein and deny all allegations not specifically admitted. In further responding, Defendants state as follows:

1. Defendants lack information sufficient to either admit or deny the allegations contained in Paragraph 1 of the Complaint and therefore deny the same and demand strict proof thereof.

2. Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3. The allegations contained in Paragraph 3 of the Complaint are denied, and Defendants demand strict proof thereof as to all such allegations.

## COUNT I. BREACH OF CONTRACT

4. In response to the allegations contained in Paragraph 4 of the Complaint, Defendants adopt, reiterate, and incorporate by reference every defense, affirmative defense, and response set forth above and below.

5. The allegations contained in Paragraph 5 of the Complaint are denied, and Defendants demand strict proof thereof as to all such allegations.

6. The allegations contained in Paragraph 6 of the Complaint are denied, and Defendants demand strict proof thereof as to all such allegations.

7. The allegations contained in Paragraph 7 of the Complaint are denied, and Defendants demand strict proof thereof as to all such allegations.

8. Defendants lack information sufficient to either admit or deny the allegations contained in Paragraph 8 of the Complaint and therefore deny the same and demand strict proof thereof.

9. The allegations contained in Paragraph 10 of the Complaint are denied, and Defendants demand strict proof thereof as to all such allegations.

10. The allegations contained in Paragraph 10 of the Complaint are denied, and Defendants demand strict proof thereof as to all such allegations.

11. The allegations contained in Paragraph 11 of the Complaint are denied, and Defendants demand strict proof thereof as to all such allegations.

12. The allegations contained in Paragraph 12 of the Complaint are denied, and Defendants demand strict proof thereof as to all such allegations.

## COUNT II. FRAUD

13. In response to the allegations contained in Paragraph 13 of the Complaint, Defendants adopt, reiterate, and incorporate by reference every defense, affirmative defense, and response set forth above and below.

14. The allegations contained in Paragraph 14 of the Complaint are denied, and Defendants demand strict proof thereof as to all such allegations.

15. The allegations contained in Paragraph 15 of the Complaint are denied, and Defendants demand strict proof thereof as to all such allegations.

16. The allegations contained in Paragraph 16 of the Complaint are denied, and Defendants demand strict proof thereof as to all such allegations.

17. The allegations contained in Paragraph 17 of the Complaint are denied, and Defendants demand strict proof thereof as to all such allegations.

## COUNT III. PUNITIVE DAMAGES

18. In response to the allegations contained in Paragraph 18 of the Complaint, Defendants adopt, reiterate, and incorporate by reference every defense, affirmative defense, and response set forth above and below.

19. The allegations contained in Paragraph 19 of the Complaint are denied, and Defendants demand strict proof thereof as to all such allegations.

## COUNT IV. UNJUST ENRICHMENT

20. In response to the allegations contained in Paragraph 20 of the Complaint, Defendants adopt, reiterate, and incorporate by reference every defense, affirmative defense, and response set forth above and below.

21. The allegations contained in Paragraph 21 of the Complaint are denied, and Defendants demand strict proof thereof as to all such allegations.

22. The allegations contained in Paragraph 22 of the Complaint are denied, and Defendants demand strict proof thereof as to all such allegations.

23. The allegations contained in Paragraph 23 of the Complaint are denied, and Defendants demand strict proof thereof as to all such allegations.

24. Defendants have sought to respond to every averment in the Complaint and any failure to respond to an averment was therefore due to oversight rather than an intention to admit the averment. Accordingly, Defendants deny any averment to which they may have failed to respond.

25. Each and every allegation not specifically and explicitly admitted above is denied.

## THIRD DEFENSE

The claims asserted by Plaintiff Shardaben Patel are barred by the doctrines of estoppel, res judicata, and collateral estoppel, and Defendants rely upon these affirmative defenses as a complete bar to all claims asserted by Plaintiff Shardaben Patel. Defendants incorporate by reference the actions of Plaintiff Shardaben Patel that led to the criminal

4

charges filed in Knox District Court, 18-F-00667, for Forgery (2nd Degree) and Theft by Deception, and subsequent indictment in the Knox Circuit Court, 19-CR-00038, for Forgery, 2nd Degree. Plaintiff Shardaben Patel agreed to repay to Defendants the amounts fraudulently obtained by Shardaben Patel's act of forging and altering the amount of a check issued by Defendants to Plaintiffs to resolve all issues and claims surrounding the underlying transaction. Plaintiff Shardaben Patel' acknowledgement of wrongful conduct and agreement to repay the amounts wrongfully obtained by forgery amounted to a representation that all disputes surrounding the Buddies lease were resolved. Relying on these representations, Defendants agreed to the dismissal of the aforementioned criminal charges. Plaintiff Shardaben Patel acted with the intention that Defendants would rely upon her representations; and Defendants did in fact rely upon her representation that the resolution of the criminal charges would also resolve all disputes surrounding Buddies.

To the extent Plaintiff Ashokkumar Patel was an unindicted co-conspirator of Plaintiff Shardaben Patel relating to the aforementioned acts, the claims of Plaintiff Ashokkumar Patel are likewise barred by the doctrines of estoppel, res judicata, and collateral estoppel.

FOURTH DEFENSE

Defendants orally agreed to a month-to-month tenancy solely in consideration of the performance by the Plaintiffs of the promise to pay rent on a monthly basis. Defendants performed all promises and conditions required on their part by the oral agreement, but Plaintiffs failed to perform as provided in the agreement, in that Plaintiffs failed to pay the rent payments required by the oral agreement. Further, after breaching the oral agreement

by failing to pay rent, Plaintiffs voluntarily vacated the premises indicating their intent to terminate the oral contract.

## FIFTH DEFENSE

Defendants plead the defense of accord and satisfaction, waiver, and estoppel as partial or complete bars to Plaintiffs' claims complained of herein. Specifically, following the termination of the oral month-to-month tenancy agreement the parties reached an agreement wherein Defendants would pay Plaintiffs an agreed upon amount in full and complete satisfaction of amounts expended by Plaintiffs for inventory, improvements, etc. Defendants tendered the agreed upon payment to Plaintiffs. Plaintiff Shardaben Patel fraudulently altered the check issued by Defendants and presented the forged instrument to a financial institution for payment. Plaintiff Shardaben Patel's forgery initially resulted in Plaintiffs receiving a sum exponentially greater than that to which the parties had agreed to resolve all outstanding disputes arising from the underlying oral agreement.[1]

## SIXTH DEFENSE

There was no consideration for the oral month-to-month tenancy in that Plaintiffs failed to pay the required rent.

## SEVENTH DEFENSE

Plaintiffs and Defendants arrived at an accord and satisfaction of Plaintiffs' claims. In consideration of the original amount paid to Plaintiffs by Defendants vis-à-vis the check which was fraudulently altered and resulted in the aforementioned criminal charges, and which was accepted by Plaintiffs in full accord and satisfaction of the claims alleged in Plaintiffs' Complaint.

---

[1] Ultimately, Plaintiff Shardaben Patel was required to re-pay the amounts fraudulently stolen. *See* Commonwealth v. Shardaben Patel, Knox Circuit Court, 19-CR-00038.

EIGHTH DEFENSE

Plaintiffs themselves are guilty of fraud and unclean hands for the reasons described in the Third, Fifth, and Seventh Defenses, and on account of the actions which led to the institution of criminal proceedings against Plaintiff Shardaben Patel in Knox District Court, 18-F-00667, and Knox Circuit Court, 19-CR-00038.

NINTH DEFENSE

Plaintiffs are not entitled to maintain this suit because of their laches. Plaintiffs had knowledge of all of the acts of Defendants set forth in the Complaint, and all of the facts in connection therewith, and nevertheless Plaintiff refrained from commencing the state action until May 28, 2020, and refrained from commending the instant federal action until October 24, 2023. Defendant, during such period, changed their position in at least the following ways: 1) Agreeing to drop the criminal charges against Plaintiff Shardaben Patel, and 2) Refraining from filing a civil action against Shardaben Patel for fraud, conversion, and other intentional torts.

TENTH DEFENSE

In Case No. 19-CR-00038 in the Knox Circuit Court, Plaintiff Shardaben Patel was indicted for Forgery, 2nd Degree. Therein, Shardaben Patel acknowledged wrongdoing and agreed to pay restitution for the amounts fraudulently converted and stolen. Shardaben Patel is bound by her acknowledgement of guilt in the aforementioned criminal proceedings relating to Plaintiff S. Patel's forgery and alteration of the settlement check issued by Defendants to resolve the claims presented in Plaintiffs' Complaint. Plaintiffs are bound by Shardaben Patel's stipulation as to the settlement amount; that is, the amount for which Defendants originally issued the check represents the true and correct value for

which the parties agreed to settle the same claims presented in Plaintiffs' Complaint. Plaintiffs are barred from pursuing claims previously settled and stipulated to vis-à-vis the aforementioned criminal proceedings.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred by the statute of frauds. The foundation of Plaintiffs' Complaint alleges that Defendants breached an oral contract by either 1) failing to transfer the business and real property, or 2) failing to "issue a[n] [perpetual] lease to the Plaintiffs for the subject premises." DE 1, Complaint at ¶ 10. Whether the former or the latter, Plaintiffs' claims are barred by KRS § 371.010(6), KRS § 371.010(7) and/or KRS § 371.010(9), as it is undisputed that the alleged agreement upon which Plaintiffs' claims are based was not "in writing and signed by the party to be charged therewith[.]" KRS § 371.010. *See also* DE 1, Complaint at ¶ 5 ("… entered into an **oral agreement**").

## TWELFTH DEFENSE

Plaintiffs' claims are barred by KRS § 355.3-407. Defendants, as endorser of the check referenced in Third, Fifth, Seventh, Ninth, and Tenth Defenses, above, were released from liability by Plaintiff Shardaben Patel's fraudulent alteration of the instrument. Without informing Defendants and without obtaining Defendants' consent, Plaintiff Shardaben Patel deceitfully increased the amount of the settlement check and thereafter illegally presented same to a financial institution. This alteration released Defendants from liability under KRS 355.3-407.

## THIRTEENTH DEFENSE

After their original breach, i.e., non-payment of rent, Plaintiffs thereafter rescinded and/or voluntarily terminated the month-to-month lease agreement.

## FOURTEENTH DEFENSE

Plaintiffs are not entitled to equitable relief because Plaintiffs are guilty of inequitable conduct and have failed to come into equity with clean hands, as described more fully in the Third, Fifth, Seventh, Ninth, Tenth, and Twelfth Defenses, above.

## FIFTEENTH DEFENSE

Defendants incorporate by reference and adopt as part of this Answer all those appropriate defenses as set forth in Rules 8 and 12 of the Federal Rules of Civil Procedure. Furthermore, Defendants reserve the right to set forth any other avoidance or affirmative defenses, as necessary, in the future.

## SIXTEENTH DEFENSE

Plaintiff's request for interests and attorney's fees should be stricken as not being an authorized measure of recovery under Kentucky law.

## SEVENTEENTH DEFENSE

Defendants reserve the right to file an Amended Answer and/or Third-Party Complaint as proof may develop and reveal the right to do so. Further, Defendants reserve the right to plead additional defenses which are not reasonably known to them at this time.

## EIGHTEENTH DEFENSE

Plaintiffs' claim for punitive damages should be dismissed because any punitive damage award under Kentucky law, without bifurcating the trial and trying the punitive damage issues if and only if liability is found on the merits, would violate Defendants' due process rights as guaranteed by the Fourteenth Amendment to the United States Constitution and the due process provisions of the Constitution of the Commonwealth of Kentucky.

Plaintiffs' claim for punitive damages should be dismissed because a punitive damage award under Kentucky law, which is not subject to a predetermined limit on the amount of punitive damages that a jury may impose, would violate Defendants' due process rights as guaranteed by the Constitution of the Commonwealth of Kentucky and it would violate the excessive fines provision of Section 17 of the Constitution of the Commonwealth of Kentucky.

Plaintiffs' claim for punitive damages should be dismissed because a jury, under Kentucky and federal law: is not provided with sufficient standards of clarity for determining the appropriateness and amount of a punitive damages award; is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; is not expressly prohibited from awarding punitive damages, or determining the amount of a punitive damage award, in whole or in part, on the basis of invidious discriminatory characteristics; is permitted to award punitive damages under a vague and arbitrary standard that does not sufficiently define the conduct or mental state that makes punitive damages permissible; and, is not subject to trial court and appellate court judicial review for reasonableness and furtherance of legitimate purposes on the basis of an objective standard. Any punitive damage award would violate Defendants' due process and equal protection rights as guaranteed under the Fourteenth Amendment to the United States Constitution and the Constitution of the Commonwealth of Kentucky.

Plaintiffs' claims for punitive damages should be dismissed as being in violation of the United States Constitution, including, but not limited to, the Fifth and Eighth

Amendments, as applied to the Commonwealth of Kentucky through the Fourteenth Amendment of the United States Constitution.

Plaintiffs' claims for punitive damages should be dismissed as being in violation of the Constitution of the Commonwealth of Kentucky, including, but not limited to, Articles 2, 17 and 26.

<u>NINETEENTH DEFENSE</u>

Plaintiffs' claims are barred for those reasons previously stated in Defendants' Motion to Dismiss (DE 6) and corresponding Reply (DE 12). Out of an abundance of caution Defendants adopt and incorporate by reference the arguments and rationale presented in said Motion and Reply.

<u>TWENTIETH DEFENSE</u>

Defendants have yet to avail themselves of their right to conduct discovery, and do not fully know the circumstances beyond the allegations in the Plaintiffs' pleadings. As a result, Defendants notify Plaintiffs and counsel that until they can avail themselves of the right to conduct discovery, it cannot be determined whether Defendants will assert each of the above-stated affirmative or other defenses at trial or whether these will be the only such defenses asserted. Such defenses are asserted in this Answer to preserve Defendants' rights to assert such defenses at trial and to provide Plaintiffs and counsel with notice of Defendants' intention to assert such defenses where applicable and to avoid a waiver of such defenses.

WHEREFORE, having fully answered the Complaint of the Plaintiffs, Shardaben Patel and Ashokkumar Patel, the Defendants, Bharatbhai Patel, Amit Patel, and Kanu Patel, respectfully request as follows:

11

1. That Plaintiffs' Complaint be dismissed with prejudice, with Plaintiffs taking nothing by way of relief thereunder;

2. That Defendants be awarded their costs expended herein, to include attorney's fees to the extent permitted by law;

3. That Defendants be afforded a trial by jury as may be necessary; and

4. That Defendants be awarded all other relief to which they may be deemed entitled by the Court.

Respectfully submitted,

/s/ Jay Milby Ridings
Jay Milby Ridings (KBA No. 91971)
Hamm, Milby & Ridings PLLC
120 N. Main St.
London, KY 40741
Telephone: (606) 864-4126
Fax: (606) 878-8144
jridings@hmkylaw.com
*Counsel for Defendants Bharatbhai Patel, Amit Patel, and Kanu Patel*

CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of May, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Jeremy W. Bryant, Esq.
Bryant Law, PLLC
*Counsel for Plaintiffs*

/s/ Jay Milby Ridings
*Counsel for Defendants Bharatbhai Patel, Amit Patel, and Kanu Patel*