**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON**

| | | |
|---|---|---|
| **SHARDABEN PATEL, et al** | ) | |
| | ) | |
| | ) | **Civil Action No. 6:23-cv-189-CHB** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **JOINT MOTION TO MODIFY** |
| | ) | **SCHEDULING ORDER** |
| **BHARATBHAI PATEL, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

Plaintiffs and the Defendants, by and through counsel (collectively, "the parties"), hereby collectively move per FRCP 16(B)(4) to modify the current Scheduling Order [R. 21], and as grounds, state as follows:

Rule 16 (B)(4) provides that a schedule may be modified only for good cause and with the judge's consent. Plaintiffs' counsel, now having represented Plaintiffs for several years, experienced a brief irreconcilable disagreement with the Plaintiffs. Prior to this, the parties, in good faith and through counsel, scheduled February depositions such that all parties would have been timely deposed under the deadline.

Plaintiffs' counsel indicated to Defendants' counsel that he likely would be withdrawing based upon this irreconcilable difference, which has since been removed. However, in the interim, it has become readily apparent that interpreters are going to be needed at the depositions and trial herein, if any occurs. This was not readily apparent to Plaintiffs' counsel as he has interacted with Shardaben Patel consistently such that most of her communication is understandable, but only after having become adjusted to her manner

of speaking over the course of several years. However, upon further conversations with defense counsel, the same worry about the parties being able to overcome a language barrier to effectively communicate in a meaningful manner was present concerning his three clients.

It is worth mentioning that the parties, in good faith, attempted resolution to this matter and are continued to engage in settlement negotiations while these unforeseen problems were being rectified or addressed. However, for the purpose of meaningful discovery, an interpreter will be necessary. This was an additional unforeseen circumstance that neither counsel had anticipated.

These unforeseen events occurred in February of 2025. Therefore, the parties jointly request that the deadlines imposed herein [R. 21] be extended as follows:

1. That the Plaintiffs disclose the identity of expert witnesses who may be used at trial, accompanied by written reports signed by the Rule 26(a)(2)(B) expert witnesses and/or written summaries consistent with Rule 26(a)(2)(C), by August 14, 2025. No later than October 15, 2025, the Defendants shall file the same.

2. All written discovery shall be completed on or before November 14, 2025. All fact discovery shall be completed on or before November 29, 2025. All expert discovery shall be completed on or before December 16, 2025.

3. All dispositive motions shall be filed no later than February 14, 2026.

WHEREFORE, the parties, through counsel, hereby request that the scheduling order entered herein be modified in accordance with this joint motion. The parties' counsel are aware that extensions are disfavored, but considering that an ethical issue occurred and

the initially unapparent need for an interpreter to engage in discovery unexpectedly arose,

all the while with the parties engaging in good faith settlement negotiations should warrant

"good cause" to so extend the deadlines in accordance with this decision.

Respectfully submitted,

  /s/ Jeremy Bryant                         /s/ Jay Ridings
JEREMY W. BRYANT, KBA #92983     Jay Milby Ridings, KBA #91971
Bryant Law, PLLC                      Hamm, Milby & Ridings, PLLC
37 South Park Ctr. Dr., Ste. 6           120 N. Main St.
Corbin, KY 40701                   London, KY 40741
j@jeremybryantlaw.com             jrdings@hmkylaw.com
Counsel for Plaintiffs               Counsel for Defendants